COPY

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Bruce E. Van Dalsem (Bar No. 124128)
2    brucevandalsem@quinnemanuel.com
     David W. Quinto (Bar No. 106232)
3    davidquinto@quinnemanuel.com
     B. Dylan Proctor (Bar No. 219354)
4    dylanproctor@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for American Rena International
   Corp., WanZhu "Kathryn" Li, and Robert
8  M. Milliken

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     WESTERN DIVISION

13  American Rena International Corp., a        CASE NO. CV12-06972 DMG(JEMx)
    California corporation; WanZhu
14  "Kathryn" Li, an individual; and Robert    COMPLAINT FOR:
    M. Milliken, an individual,
15                                              1.  FEDERAL TRADEMARK
               Plaintiffs,                          INFRINGEMENT;
16                                              2.  COMMON LAW TRADEMARK
          vs.                                       INFRINGEMENT;
17                                              3.  TRADEMARK
    Sis-Joyce International Co. Ltd., a             CANCELLATION;
18  California corporation; Alice "Annie"      4.  FEDERAL UNFAIR
    Lin, an individual; Virginia Wu, an            COMPETITION;
19  individual; and DOES 1-10,                 5.  COPYRIGHT
                                                    INFRINGEMENT;
20             Defendants.                      6.  VIOLATION OF THE ANTI-
                                                    CYBERSQUATTING
21                                                  CONSUMER PROTECTION
                                                    ACT;
22                                              7.  TRADE SECRET
                                                    MISAPPROPRIATION;
23                                              8.  INTERFERENCE WITH
                                                    PROSPECTIVE ECONOMIC
24                                                  ADVANTAGE;
                                                9.  TRADE LIBEL;
25                                              10. FALSE LIGHT INVASION OF
                                                    PRIVACY;
26                                              11. VIOLATION OF RIGHT OF
                                                    PUBLICITY;
27

28

1873.23644/4868572.8

                                                                    COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12. **CALIFORNIA STATUTORY UNFAIR COMPETITION;**
13. **CALIFORNIA COMMON LAW UNFAIR COMPETITION;**
14. **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT VIOLATION;**
15. **CONSPIRACY TO VIOLATE RICO; AND**
16. **UNJUST ENRICHMENT**

**JURY TRIAL DEMAND**

1  Plaintiffs American Rena International Corp. ("Rena"), WanZhu ("Kathryn")
2  Li, and Robert M. Milliken ("Milliken") complain and allege as follows against
3  defendants Sis-Joyce International Co. Ltd., ("Sis-Joyce"), Alice "Annie" Lin
4  ("Lin"), Virginia Wu ("Wu"), and DOES 1-10 as follows:

5  ## NATURE OF THE ACTION

6      1.    This is an action to prevent the complete theft of a business – lock,
7  stock, and barrel.  Plaintiff WanZhu "Kathryn" Li is an entrepreneur who began
8  manufacturing and distributing skincare products in Los Angeles, California in
9  2006.  The company she founded, plaintiff Rena, quickly grew to directly employ 20
10 persons in California.  By 2010 Rena generated $30 million in annual sales, with the
11 bulk of that sum resulting from exports to the People's Republic of China and other
12 countries in Asia.

13     2.    Defendants Lin and Wu were customers and independent sales agents
14 for Rena's products who are embarking on a brazen scheme to compete unfairly
15 with Rena and, ultimately, steal its business altogether.  Initially, Lin and Wu
16 engaged in straightforward counterfeiting – they manufactured counterfeit labels
17 using Rena's proprietary RENA and RENA BIOTECHNOLOGY marks, applied
18 them to generic bottles, and then sold adulterated RENA products they had
19 purchased from Rena in competition with Rena.  When Rena learned of Lin's and
20 Wu's perfidy in late 2010, it cut off their supply of RENA products.  On information
21 and belief, Lin and Wu then attempted to pass off bottles of tap water as genuine
22 RENA products.

23     3.    Lin and Wu were neither deterred by Rena's cutting off their supply of
24 products nor satisfied with the harm they had caused through their counterfeiting.
25 On the contrary, when Rena sought to put an end to their counterfeiting of authentic
26 RENA products, Lin and Wu embarked on a secret campaign to co-opt the market
27 for RENA products, and to hijack Rena's entire business.  Operating under the name
28 of defendant Sis-Joyce, Lin and Wu secretly told Rena's consumers that Rena was

1873.23644/4868572.8

1   out of business and that defendant Sis-Joyce – an entity owned by Lin and Wu –

2   now sold RENA products.  Lin and Wu released a competing product called

3   "ARёna," which they labeled as "new" and "improved."  Lin and Wu went so far as

4   to claim in marketing materials that **"Rena is Now aRena!,"** and described

5   "ARёna" as an "Activation Energy Serum" – the same description that Rena uses

6   for its product.  Lin and Wu falsely told Rena's independent sales agents and

7   customers that Rena had been acquired by "ARёna" or sold its proprietary product

8   formulas to "ARёna," and that Rena's "new" products *were* "ARёna."  Lin and Wu

9   launched websites, including www.RenaSkin.com and www.ArenaSkin.com, which

10  copy vast quantities of copyrighted materials from Rena's website and even include

11  the names and photographs of *Rena's* founders.  Lin and Wu launched YouTube

12  videos displaying and advertising *Rena's* products, but directing the public to Lin

13  and Wu's knockoff websites.  And Lin and Wu sold their "ARёna" products in

14  bottles that precisely copy the highly distinctive .51 oz plastic bottle designed by

15  Rena for its principal product, the RENA Activation Energy Serum.

16         4.      Since Lin and Wu launched their bogus "ARёna" products and engaged

17  in their campaign to steal Rena's business and customers, Rena's worldwide sales

18  have dropped astronomically – from an average of approximately $2.5 million a

19  month as of 2010 and early 2011 to less than $500,000 a month now.  By purporting

20  to *be* Rena, defendants have destroyed virtually all of Rena's U.S. sales and are now

21  cutting substantially into its foreign sales.  Unless enjoined, Lin and Wu will

22  complete what they set out to achieve – the wholesale theft of Rena's business.

23         5.      On July 4, 2012, Rena was notified by several sales agents in China of

24  overtures received from Lin and Wu to sell purported "ARёna" products.  It was

25  only then that Rena discovered Lin and Wu's surreptitious effort to steal Rena's

26  business and clients through their misleading statements to purchasers, and it was

27  only then that Rena discovered Lin and Wu's infringing "ARёna" products.

28

04873.23644/4868572.8

COMPLAINT

6.    Plaintiffs seek preliminary and permanent injunctive relief to enjoin and restrain defendants' acts of trademark infringement, copyright infringement, false and deceptive advertising, trade secret misappropriation, trade libel, interference with prospective economic advantage, unfair competition, and invasion of privacy; cancellation of defendant Lin's NEW! ARËNA ACTIVATION ENERGY SERUM trademark; an order transferring ownership of the purported www.RenaSkin.com and www.ArenaSkin.com domain names to Rena; an order impounding the infringing goods; restitution of defendants' illicit gains; damages; and punitive and exemplary relief.

## PARTIES

7.    Plaintiff Rena is a California corporation having its principal place of business in Los Angeles, California.

8.    Plaintiff WanZhu Li is an individual who resides in Los Angeles County, California.  Li is sometimes known by her Chinese nickname, "WenJia," and sometimes by her American name, "Kathryn."

9.    Plaintiff Robert M. Milliken is an individual who resides Los Angeles County, California.  Milliken is the Chief Executive Officer of Rena.

10.    Defendant Sis-Joyce is a California corporation having its principal place of business in Elk Grove, California, and having 2 "leaders" in Los Angeles County, California, and one in San Francisco, California.  Sis-Joyce is owned, in whole or in part, by defendant Lin.

11.    Defendant Alice "Annie" Lin is an individual who, upon information and belief, resides in Fremont, California and is an owner of Sis-Joyce.

12.    Defendant Virginia Wu is an individual who, upon information and belief, resides in Los Angeles County, California.  She is identified on the Sis-Joyce website as one of Sis-Joyce's three "leaders," enjoying co-responsibility for Sis-Joyce's Los Angeles operations.

04873.23644/4868572.8

13.     Plaintiffs are ignorant of the true names and capacities of the defendants who are named herein under the fictitious names DOES 1-10, inclusive. Plaintiffs will seek leave of the court to amend the complaint to allege their true names and capacities when ascertained.  Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named DOE defendants is responsible in some manner for the wrongful conduct alleged herein.  Plaintiffs further allege that each defendant acted in concert and participation with, as agent of or representative for, at the request of, or on behalf of Sis-Joyce and/or Lin.  Each charge and allegation alleged herein is, therefore, also hereby alleged against each fictitiously named DOE defendant.

## JURISDICTION AND VENUE

14.     This action arises under the Lanham Trademark Act, 15 U.S.C. Sections 1116, 1117, and 1125(a) and (d); 17 U.S.C. Sections 101, *et seq.*; and 18 U.S.C. Section 1964(c).  This Court has original subject matter jurisdiction pursuant to 20 U.S.C. Section 1331, *et seq.*; 28 U.S.C. Sections 1331 and 1338; 15 U.S.C. Sections 1116 and 1121; and 18 U.S.C. Section 1964(c).  This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367.

15.     Venue lies in this District pursuant to 28 U.S.C. Sections 1391(b) and (c); 28 U.S.C. Section 1400(a); and 18 U.S.C. Section 1965.

## FACTUAL ALLEGATIONS

### Rena's Business and Trademarks

16.     Rena is an internationally acclaimed manufacturer and distributor of high-end skin care, healthcare, and anti-aging products located in Los Angeles, California.  Since June 2006, it has sold its products using its RENA and RENA BIOTECHNOLOGY trademarks.  RENA BIOTECHNOLOGY is registered in the United States in International Class 5.  Rena was founded and is owned by plaintiff Kathryn Li, who is also the registered owner of its trademarks and who has granted

04873.23644/4868572.8

COMPLAINT

1  an exclusive license of those trademarks to Rena.  Plaintiff Robert Milliken is

2  Rena's Chief Executive Officer.

3       17.     Rena manufactures and sells a suite of health-related products,

4  including Activation Energy Serum, Activation Mist, and Activation Energy Elixir.

5  Rena's scientists have extracted nearly 100 minerals and trace elements for use in

6  products designed to help users resist the effects of aging.  The Rena products

7  incorporating those natural minerals are absorbed through the skin and can reach a

8  depth of 30 to 50 millimeters.  Rena's products are designed to reduce wrinkles,

9  inflammation, and pain while moisturizing skin and promoting skin health.

10      18.     To protect its valuable and unique products, Rena has sought U.S.

11  trademark registrations for its marks.  It obtained registration of its RENA

12  BIOTECHNOLOGY word mark, No. 3,332,867, in 2007 with a first-use-in-

13  commerce date of February 1, 2007.  In April 2012, it applied for registration of a

14  stylized RENA BIOTECHNOLOGY mark, Serial No. 85,587,003, with a first-use-

15  in-commerce date of June 29, 2006.  The stylized RENA BIOTECHNOLOGY

16  mark, used on all Rena products since June 2006, is shown below.

17

18

19



20

21      19.     In addition, in April 2012, Rena applied to register various other

22  stylized RENA and RENA BIOTECHNOLOGY marks, using both English letters

23  and Chinese characters, including the stylized RENA mark standing alone.  Those

24  applications are currently pending.

25      20.     The authentic products sold by Rena prominently display the RENA

26  and RENA BIOTECHNOLOGY marks, as shown below:

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13



14

### **Defendants' Counterfeiting**

15    21.    At one time, Lin and Wu were authorized distributors of RENA

16  products.  Yet while they were only authorized to sell genuine RENA products –

17  placing orders that would be fulfilled by Rena itself – Lin and Wu in fact started

18  selling adulterated RENA products by applying counterfeited labels that used

19  Rena's protected trademarks to generic spray bottles, which were then filled with

20  diluted RENA products and sold as genuine.

21    22.    The photograph below depicts exemplars of two bottles used by

22  defendants to sell their counterfeit RENA products.

23
24
25
26
27
28

04873.23644/4868572.8

COMPLAINT



23.   Upon discovering this counterfeiting in or about October or November 2010, Rena discontinued Lin and Wu's supply of RENA products, believing that cutting off Lin's and Wu's supply of product would force an end to their counterfeiting and infringement.

24.   But Lin and Wu did not abandon their illegal activities. Instead, on information and belief, they started selling tap water or contents other than the genuine Rena product, which they passed off as genuine RENA products using their counterfeit labels.

04873.23644/4868572.8

COMPLAINT

1

### Defendants' Fraudulent Websites

2    25.    Starting in or about early 2011, Lin and Wu, operating through

3    defendant Sis-Joyce, started manufacturing and selling their so-called "ARëna"

4    products, including through fraudulent and infringing websites.

5    26.    Defendants registered the www.RenaSkin.com website through an

6    intermediary or using an assumed name, "Damon Rith," in an effort to hide her

7    involvement in the site.  The "WHO IS" look up reflects that "Damon Rith" is the

8    registrant, administrative contact, and technical contact for RenaSkin.com and that

9    he purportedly resides at "123 Reed Street" in Blue Bell, Pennsylvania 19422 – an

10   address that does not exist.  There is also apparently no known record of "Damon

11   Rith" in Pennsylvania.  The RenaSkin.com domain name was registered using false

12   contact information in an effort to hide the identity of the actual registrant.

13   27.    The RenaSkin.com website has been carefully crafted to cause

14   maximum confusion with plaintiff Rena's genuine products and plaintiff's

15   AmericanRena.com website.  Virtually every page of the site has the following

16   header:  ***Genuine American Rena Anti-Aging Activation Serum.***"  The site

17   declares that "Rena Activation Energy contains innovative materials, processed

18   from natural minerals by an advanced purifying technology."  As shown below, the

19   site displays a photograph of Rena's founder, Kathryn Li, and its Chief Executive

20   Officer, Robert Milliken, with the caption, "Who performs research and

21   development[?]  Where does manufacturing take place?"

22

23

24

25

26

27

28



28.     The site copies substantially all the designs, graphics, photographs and text of the AmericanRena.com website.  The site declares, in the "Q&A" section, that "American RENA external use products … do not contain alcohol or preservatives" in response to the question, "I've heard that American RENA Activation Spray external spray products are very effective at restoring and preserving skin with pimples or have been damaged as a result of using cosmetics containing lead, mercury, or stimulants - is this true?"  Remarkably, the RenaSkin.com website even has a large reprint of Rena's stylized RENA BIOTECHNOLOGY trademark (shown below) and depictions of *Rena's* products and brochures.



29.     The purported RenaSkin.com website copies extensively from Rena's AmericanRena.com website, even to the extent of reproducing a letter authored by Mr. Milliken.  The purported RenaSkin.com site includes such headings as "RENA-LIQUID FAR INFRARED = ALKALINE NEGATIVE ION" and "DESCRIPTION OF RENA LIQUID LIFE ACTIVATION ENERGY PRODUCTS," and contains descriptions of "American Rena Activation Serum," among numerous references to "American Rena," "American RENA," and "RENA."  It contains a *COMPARISON OF BOTOX VERSUS American RENA*," and depicts two pages copied from the American Rena brochure and website.  Still further, the stylized RENA BIOTECHNOLOGY trademark appears in conjunction with references to the purported RenaSkin.com website.

30.     Rena is further informed and believes that although the www.ArenaSkin.com website was purportedly registered by an intermediary or

1  using an assumed name, "Dave Simms," it is in fact owned and controlled by

2  Defendants.  The "WHO IS" information provided to the registrar of the

3  ArenaSkin.com domain name reflects that (i) the registrant is "Dave Simms," (ii) the

4  administrative contact is "Dave Ded," (iii) the technical contact is "Dave Sed,"

5  (iv) Ded and Sed can be found at "123 Red Road" in Blue Bell, Pennsylvania

6  19422; and (v) Simms can be found at "124 Red Road" in Blue Bell, Pennsylvania

7  19422.  In fact, there is no "Red Road" in Blue Bell, nor does there appear to be a

8  "David Simms" in that city.  Thus, as to the ArenaSkin.com website as well, the

9  registrar was provided with false information to hide the true names and capacities

10 of the registrant, administrative contact, and technical contact.

11      31.    The purported ArenaSkin.com site is very similar to the RenaSkin.com

12 site, and is equally infringing of Rena's rights.  For example, the header at the top of

13 each page has been modified to proclaim, "***Genuine American aRena Anti-Aging***

14 ***Activation Serum***" - but is accompanied by the explanation that, "**Rena is Now**

15 **aRena!**"  The purported "**aRena**" products are described as having a "**New**

16 **Improved Formula**" in an effort to persuade consumers that Rena has become

17 "ARëna" when it has not.  It, too, copies without authorization a letter authored by

18 Rena's Chief Executive Officer, Robert Milliken, extolling the benefits of genuine

19 Rena products.  Further, it has extensively copied graphics and text from Rena's

20 website.

21      32.    In addition, many of the images, graphics, and scientific references

22 found on Rena's website (www.AmericanRena.com) also appear on Sis-Joyce's

23 website (www.SisJoyce.com), purportedly registered by a third party but

24 beneficially owned by Lin.

25                    **Defendant's Fraudulent Advertisements**

26      33.    Defendants have also taken measures to directly trade on the goodwill

27 and popularity of Rena's products in advertisements for their own infringing

28 products.  For example, defendants posted YouTube videos that *appear* to promote

1  genuine RENA products – and display those products, and even Rena's place of
2  business in Los Angeles – but then direct consumers to the bogus RenaSkin.com
3  website that sells defendants' infringing goods.  Screen shots of defendants'
4  fraudulent videos posted on YouTube include the following:



19      34.    Still further, defendants provide fliers and brochures with their products
20  that use many of the same photographs, images and designs as appear in Rena's
21  promotional materials.  Indeed, the RenaSkin.com website itself displays *Rena's*
22  promotional brochures in an effort to sell the infringing "ARëna" products, as
23  shown:

COMPLAINT

04873.23644/4868572.8







## Defendants' Infringing Trade Dress

35.     Not satisfied with merely using and infringing upon Rena's trademarks and copyrights, Defendants have also sold their knock-off "ARëna Activation Energy Serum" product in a manner that infringes Rena's trade dress.  Rena sells its RENA Activation Energy Serum product in a distinctive, specially designed .51 fluid ounce bottle that is typically lavender in color.  The engineering drawings of Rena's distinctive .51 fluid ounce Activation Energy Serum bottle are reproduced below.

1
2
3
4
5
6
7
8
9
10
11
12
13



14    36.    To further create the misperception that the ARëna product is a Rena

15  product, defendants sell their "ARëna Activation Energy Serum" product in a bottle

16  that is identical in size and shape to the distinctive bottle used by Rena; with a

17  similar color; and with the infringing "ARëna" name and the same "Activation

18  Energy Serum" description that appears on the genuine RENA product.  The visual

19  similarity between Rena's Activation Energy Serum product and that sold by

20  defendants is striking.  Reprinted immediately below is a photograph of Rena's

21  Activation Energy Serum bottle, and defendants' Activation Energy Serum bottle.

22
23
24
25
26
27
28



### **Defendants' Infringing Mark**

37.     Defendant Sis-Joyce obtained a registration of "Sis-Joyce" from the United States Patent and Trademark Office in International Class 3 on July 26, 2011 (identifying the registrant as defendant Lin).  Nevertheless, defendants have chosen to trade on and exploit the extremely valuable goodwill that Rena has developed in

04873.23644/4868572.8

its RENA and RENA BIOTECHNOLOGY marks with the intent to arrogate that goodwill to itself.  In furtherance of that objective, defendants have obtained a federal registration of a NEW! ARËNA ACTIVATION ENERGY SERUM mark, as shown below:



38.    Defendants have engaged in a coordinated effort to both directly counterfeit genuine RENA products and also pass their products off as "new Rena" products.  Defendants Sis-Joyce, its owner, Lin, and its "leader" Wu, are now aggressively marketing and selling purported "ARëna Activation Energy Serum" products, often without making mention of Sis-Joyce and always in a manner designed to cause confusion with genuine RENA products.

### Defendants' Interference With Rena's Business Relationships

39.    Rena's sales numbers dramatically reveal the effect of Defendants' unfair competition and fraudulent activities.  During calendar year 2009, Rena's sales totaled just under $17 million.  During calendar year 2010, Rena's total sales were approximately $30 million and Rena's revenues easily exceeded $1 million during each month of the year.  In August 2011, Rena did approximately $2.2 million in business, but that was the last time it achieved seven-figure sales.  Since then, its monthly sales have steadily declined, dropping to just $271,000 in June of 2012.  Absent immediate relief, Rena, which less than one year ago had a very successful and growing export business, will be out of business altogether.

COMPLAINT

## **FIRST CLAIM FOR RELIEF**

(Statutory Trademark Infringement by Rena and Kathryn Li against all Defendants)

(15 U.S.C. § 1114)

40.     Plaintiffs Rena and Kathryn Li incorporate and re-allege paragraphs 1-39 of this Complaint.

41.     Kathryn Li owns, and Rena has the exclusive right to use, the federally registered RENA BIOTECHNOLOGY trademark in connection with Rena's products.  The RENA BIOTECHNOLOGY trademark is highly distinctive and fanciful, and has earned a strong secondary meaning within the organic, natural anti-aging products market.

42.     Defendants' use of their purported "ARëna," "aRena," and "aRENA" marks on directly competing products has infringed, and is infringing, the RENA BIOTECHNOLOGY trademark.

43.     Likewise, Defendants' sales of products using the RENA BIOTECHNOLOGY mark and uses of the RENA BIOTECHNOLOGY mark to promote sales of their "ARëna," "aRena," and "aRENA" products has infringed, and is infringing, the RENA BIOTECHNOLOGY trademark.

44.     Defendants' use of their infringing marks is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection or association of defendants and their products with those of Rena, and is likely to cause confusion, cause mistake, or deceive consumers as to the origin, sponsorship, or approval by Rena of defendants' products.  Such likelihood of confusion is magnified by defendants' intentional use of deceptively similar product packaging, deceptively similar websites, and deceptively similar domain names intended to cause confusion with Rena's products, as well as by frequent advertising references to "American Rena" intended to cause confusion with Rena's www.AmericanRena.com website, and by infringements of Rena's product brochures, flyers, and website.

04873.23644/4868572.8

COMPLAINT

45.     Defendants' use of their infringing variations of the purported "ARёna" mark enables defendants to benefit unfairly from Rena's reputation and success, thus giving defendants' infringing products sales and commercial value they would not otherwise have.

46.     Prior to defendants' first use of their infringing marks, defendants were aware of Rena's business and, indeed, defendants Lin and Wu had served as distributors of Rena's products.  Further, defendants had actual notice and knowledge, or constructive notice, of plaintiffs' registered trademarks.

47.     Defendants' infringement of the registered trademark as described herein has been and continues to be intentional, willful and without regard to the rights of Rena and Kathryn Li.

48.     Rena and Kathryn Li are informed and believe, and on that basis allege, that defendants have gained profits by virtue of their infringement of the RENA BIOTECHNOLOGY trademark.

49.     Plaintiffs will suffer, and are suffering, irreparable harm from defendants' infringement of their registered trademarks insofar as their invaluable goodwill is being misappropriated by defendants' continuing infringement. Plaintiffs Rena and Kathryn Li have no adequate remedy at law to compensate them for the loss of business reputation, customers, market position, and goodwill and confusion of potential customers flowing from defendants' infringing activities. Pursuant to 15 U.S.C. § 1116, plaintiffs Rena and Kathryn Li are entitled to preliminary and permanent injunctive relief against defendants' continuing infringement of their registered trademarks.  Unless enjoined, defendants will continue their infringing conduct.

50.     Because defendants' actions have been committed with the intent to damage Rena and Kathryn Li and to confuse and deceive the public, Rena and Kathryn Li are entitled to recover defendants' profits, treble their actual damages, an

04873.23644/4868572.8

COMPLAINT

1    award of costs, and, this being an exceptional case, reasonable attorneys' fees

2    pursuant to 15 U.S.C. § 1117(a).

3                        **SECOND CLAIM FOR RELIEF**

4             (Common Law Trademark Infringement by Rena and Kathryn Li

5                               against all Defendants)

6        51.    Plaintiffs Rena and Kathryn Li incorporate and re-allege paragraphs 1-

7    50 of this Complaint.

8        52.    Beginning in 2006 and continuously thereafter, plaintiffs have made

9    commercial use of their RENA word and design marks in interstate commerce in

10   connection with the manufacture and sale of their skin care, health care, and anti-

11   aging products as alleged herein, including their Activation Energy Serum,

12   Activation Mist, and Activation Energy Elixir products.

13       53.    Within the market for organic, natural, ingestible anti-aging skin-care

14   products, the RENA word and design marks have developed exceptionally strong

15   goodwill and an exceptionally strong secondary meeting as identifying Rena's

16   products and/or as coming from a single source.  For that reason, defendants have

17   falsely misrepresented to the trade and consuming public that they either acquired

18   Rena or bought formula of RENA product or somehow evolved from it.

19       54.    Prior to defendants' first use of their infringing marks, defendants were

20   aware of plaintiffs' business and had actual notice of plaintiffs' trademarks.

21       55.    Defendants' use of the purported "ARëna," "aRena," "aRENA," and

22   "NEW! ARËNA ACTIVATION ENERGY SERUM" marks, as well as their use of

23   the RENA mark itself, is likely to cause, and already has caused, confusion and

24   mistake, and is likely to, and has deceived Rena's sales representatives and the

25   consuming public as to the affiliation, connection, or association of defendants with

26   plaintiffs, or as to the origin, sponsorship, or approval by plaintiffs of defendants'

27   goods, services and commercial activities.

28

04873.23644/4868572.8

-19-

COMPLAINT

56.   Defendants' use of their purported marks has enabled them to benefit unfairly from plaintiffs' reputation and success, thereby giving defendants' business a market share and commercial value that it would not otherwise enjoy.

57.   Defendants' infringement of their trademarks as described herein has been and continues to be intentional, willful, and without regard for plaintiffs' rights.  Plaintiffs have sustained damages as a direct and proximate result of defendants' infringement of plaintiffs' trademarks as alleged herein.

58.   Plaintiffs will suffer and are suffering irreparable harm from defendants' infringement of the RENA mark insofar as plaintiffs' invaluable good will and market share is being eroded by defendants' continuing infringement. Plaintiffs have no adequate remedy at law to compensate them for the loss of business reputation, market share, sales representatives, customers, good will, and confusion of potential customers flowing from defendants' infringing activities. Plaintiffs are entitled to a preliminary and permanent injunction against defendants' continuing infringement of plaintiffs' RENA trade mark.  Unless enjoined, defendants will continue their infringing conduct.

## **THIRD CLAIM FOR RELIEF**

(Trademark Cancellation by Rena and Kathryn Li against Lin)

(15 U.S.C. § 1064)

59.   Plaintiffs Rena and Kathryn Li incorporate and re-allege paragraphs 1-58 of this Complaint.

60.   Kathryn Li is the owner, and Rena the exclusive licensee, of the federally registered RENA BIOTECHNOLOGY trademark.  In addition, they are the owner and licensee, respectively, of the RENA mark which, like RENA BIOTECHNOLOGY, is highly distinctive and fanciful, and enjoys a strong secondary meaning within the organic, natural anti-aging ingestible products market.

04873.23644/4868572.8

COMPLAINT

61.   On July 26, 2011, defendant Lin obtained registration of a purported, "NEW! ARËNA ACTIVATION ENERGY SERUM" mark (the "Infringing Mark") pursuant to Certificate of Registration No. 4,002,069 as a word and design mark for use with "body and beauty care cosmetics."

62.   The Infringing Mark is being used by defendants to misrepresent the source of the goods defendants sell in connection with the use of that mark.

63.   Plaintiffs Rena and Kathryn Li are, accordingly, entitled to an order directing that the Infringing Mark be, and hereby is, canceled.

**FOURTH CLAIM FOR RELIEF**

(Lanham Act Section 43(a) violation by Rena and Kathryn Li

against all Defendants)

(15 U.S.C. § 1125(a))

64.   Plaintiffs Rena and Kathryn Li incorporate and re-allege paragraphs 1-63 of this Complaint.

65.   Defendants' misconduct as alleged herein is likely to cause, and is causing, confusion between defendants' products and Rena's products in that consumers are likely to, and do, confuse defendants' products as originating or affiliated with Rena, including in that defendants have used and are using (i) the purported ARëna, aRena, aRENA and NEW! ARENA ACTIVATION ENERGY SERUM marks; (ii) Rena's RENA and RENA BIOTECHNOLOGY marks; (iii) references to the "new Rena"; (iv) photographs of Rena's owner and Chief Executive Officer; (v) a letter authored by Rena's president; (vi) brochures, fliers and websites that heavily copy the look and feel, photographs, illustrations, and textual material from Rena's brochures, fliers and website; (vii) virtually identical product bottles copied from Rena; and (viii) websites that substantially copy the content of Rena's official website.

66.   Defendants have deliberately adopted, imitated and mimicked the trade dress and trademarks of plaintiff's products, packaging and advertising.

COMPLAINT

1  Defendants' actions have been, and are being, undertaken with the intent to deceive

2  consumers, cause confusion and mistake, and interfere with the ability of consumers

3  to identify the source of goods by trademark, appearance and packaging.  Through

4  their conduct, defendants unlawfully exploit the goodwill and reputation that

5  plaintiffs Rena and Kathryn Li have developed in their marks and business and

6  defendants are unlawfully deriving benefit therefrom.

7        67.    Defendants' acts alleged herein are without the consent of plaintiffs

8  Rena and Kathryn Li and constitute the use of terms, symbols, devices or

9  combinations thereof that are false or misleading within the meaning of 15 U.S.C.

10  § 1125 and are likely to cause confusion, or to cause mistake, or to deceive as to the

11  affiliation, connection, or association, or as to the origin, sponsorship, or approval,

12  of defendants' goods by Rena and/or Kathryn Li within the meaning of 15 U.S.C.

13  § 1125.  Defendants' actions discussed and alleged herein also constitute unfair

14  competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

15  Plaintiffs have been, and are being, damaged by defendants' acts.

16        68.    Defendants' conduct has been intentional and willful, and is

17  specifically calculated to trade on the goodwill that plaintiffs Rena and Kathryn Li

18  have developed in their successful RENA BIOTECHNOLOGY products.  By the

19  aforesaid acts, including without limitation the deliberate use of Rena's unique and

20  distinctive bottle trade dress, repeated references to "Rena" products, and use of

21  written and photographic elements portraying Rena's owner and Chief Executive

22  Officer in connection with goods sold and distributed in interstate commerce,

23  defendants have infringed, and are likely to continue to infringe, plaintiffs' rights in

24  their RENA and RENA BIOTECHNOLOGY products.

25        69.    Plaintiffs Rena and Kathryn Li have been damaged by, and defendants

26  have profited from, defendants' wrongful conduct in an amount to be proven at trial.

27

28

-22-

70.     For each act of infringement, plaintiffs Rena and Kathryn Li are entitled to recover their actual damages as well as defendants' profits from such infringement.

71.     Plaintiffs are suffering and will suffer irreparable harm from defendants' acts of false designation of origin or affiliation.  Plaintiffs also have been, and will continue to be, irreparably harmed and damaged by defendants' conduct in that their invaluable goodwill is being eroded by defendants' continuing acts of infringement.  Plaintiffs have no adequate remedy at law to compensate them for the loss of business reputation, customers, market position, goodwill, and confusion of potential customers flowing from defendants' unlawful activities. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief to stop defendants' continuing acts of false designation of origin or affiliation and continued infringement of the Activation Energy Serum bottle trade dress, product brochures, product fliers, website, and trademarks.

72.     Because defendants' actions have been committed with the intent to damage plaintiffs Rena and Kathryn Li and to confuse and deceive the public, plaintiffs are entitled to recover treble or actual damages, and award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## FIFTH CLAIM FOR RELIEF

(Copyright Infringement by Rena against all Defendants)

73.     Rena incorporates and re-alleges paragraphs 1-72 of this Complaint.

74.     Rena is the owner of valid copyrights in works that are fixed in tangible media of expression, including in its website.  These copyrights include, without limitation, those that are the subject of registration numbers TXu 1-815-587  and TXu 1-815-464.

75.     Defendants Sis-Joyce, Lin, Wu and DOES 1-10 have reproduced, created derivative works from and otherwise infringed upon Rena's exclusive rights

04873.23644/4868572.8

1    in its protected works without Rena's authorization.  Defendants' acts violate Rena's

2    exclusive rights under the Copyright Act, including without limitation Rena's

3    exclusive rights to reproduce its copyrighted works and to create derivative works

4    from its copyrighted works, as set forth in 17 U.S.C. §§ 106 and 501.

5         76.    Defendants' infringement (and substantial contributions to the

6    infringement) of Rena's copyrighted works is and has been knowingly made without

7    Rena's consent and for commercial purposes and the direct financial benefit of

8    defendants.  On information and belief, defendants also have deliberately failed to

9    exercise their right and ability to supervise the infringing activities of others within

10   their control to refrain from infringing Rena's copyrighted works and have failed to

11   do so in order to deliberately further their significant financial interest in the

12   infringement of Rena's copyrighted works.  Accordingly, defendants have engaged

13   in direct, contributory and vicarious infringement of Rena's copyrighted works.

14        77.    Defendants' infringement of Rena's copyrighted works has been willful

15   and intentional, engaged in with no regard for Rena's lawful rights.

16        78.    By virtue of defendants' infringing acts, Rena is entitled to recover its

17   actual damages plus defendants' profits, its costs of suit and attorneys' fees,

18   statutory damages, punitive damages, and all other relief permitted under the

19   Copyright Act.

20        79.    Defendants' actions have caused and will continue to cause irreparable

21   damage to Rena, for which Rena has no remedy at law.  Unless defendants are

22   restrained from continuing their infringement of Rena's copyrights, these injuries

23   will continue to occur in the future.  Accordingly, Rena is entitled to preliminary

24   and permanent injunctive relief restraining defendants from further infringement.

25

26

27

28

### SIXTH CLAIM FOR RELIEF

(Anticybersquatting Consumer Protection Act Violation by Rena and Kathryn Li against all Defendants)

(15 U.S.C. § 1125(d))

80.   Rena and Kathryn Li incorporate and re-allege paragraphs 1-79 of this Complaint.

81.   Kathryn Li's and Rena's RENA and RENA BIOTECHNOLOGY marks were distinctive when Defendants registered their www.RenaSkin.com  and www.ArenaSkin.com  domain names (the "Cyberpirated Domain Names").

82.   The Cyberpirated Domain Names are confusingly similar to Rena's and Kathryn Li's RENA and RENA BIOTECHNOLOGY trademarks used for skincare products.

83.   Defendants registered their domain names in a bad faith attempt to profit from the RENA and RENA BIOTECHNOLOGY marks, as evidenced by (i) defendants' deliberate attempt to create confusion with Rena's products through defendants' deliberate references to "American Rena" calculated to cause confusion among Internet users familiar with Rena's www.AmericanRena.com website; (ii) the fact that defendants' domain names do not consist of defendants' legal names or names by which they are otherwise commonly identified; (iii) defendants' lack of any prior use of their domain names in connection with a bona fide offering of any goods or services; (iv) defendants' lack of any bona fide noncommercial or fair use of the RENA or RENA BIOTECHNOLOGY marks in a site accessible under their domain names; (v) defendants' intent to divert consumers from Rena's online location to sites accessible under their domain names that can harm, and are harming, the goodwill represented by the RENA and RENA BIOTECHNOLOGY marks for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of defendants' sites; and (vi) defendants' provision of material and misleading false contact information when applying to

04873.23644/4868572.8

-25-

COMPLAINT

1  register their domain names and their intentional failure to maintain accurate contact
2  information.

3      84.    Defendants had and have no reasonable grounds to believe that their
4  uses of the Cyberpirated Domain Names are fair uses or otherwise lawful.

5      85.    Rena and Kathryn Li are therefore entitled to the entry of an order of
6  forfeiture or cancellation of the Cyberpirated Domain Names or requiring the
7  transfer of the domain names to Kathryn Li.

8      86.    Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, plaintiffs
9  Rena and Kathryn Li are entitled to an award of statutory damages of $100,000
10 against Lin, and against Wu, or, in the alternative, to recover defendants' profits, all
11 damages sustained by Rena and Kathryn Li, and costs of the action and, this being
12 an exceptional case, reasonable attorneys' fees.

13 **SEVENTH CLAIM FOR RELIEF**

14 (Trade Secret Misappropriation by Rena against all Defendants)

15     87.    Rena incorporates and re-alleges Paragraphs 1-86 of this Complaint.

16     88.    Prior to defendants' unlawful acts complained of herein, Rena had a
17 multi-tiered sales organization comprising nearly 100,000 independent sales agents
18 worldwide.  The structure of Rena's sales force can be roughly analogized to that of
19 an army in which a large number of privates report to a somewhat smaller number
20 of sergeants who report to a somewhat smaller number of lieutenants who report to a
21 somewhat smaller number of captains who report to fewer colonels who, in turn,
22 report to still fewer generals.  In such a structure, higher ranking officers exercise
23 control, either directly or indirectly, of more persons than are controlled by lower
24 ranking officers.  Similarly, in a multi-tiered sales force, persons in the higher tiers
25 have control of more sales personnel than persons in lower tiers enjoy.

26     89.    For this reason, the identities and locations of Rena's sales
27 representatives within its multi-level sales structure is a closely-guarded trade secret.
28 The identities of the persons in the upper levels of Rena's sales structure and

-26-

COMPLAINT

1  knowledge of the identities of the sales persons subordinate to each of them would

2  obviously be extremely valuable to any person or entity seeking to compete in the

3  marketplace with Rena.  For that reason, Rena has always exercised reasonable

4  efforts to protect the secrecy of the identities of the persons in its sales structure and,

5  until recently, that information had never been known or available to any competitor

6  of Rena or to any person or entity that could derive financial benefit from its

7  disclosure or use.

8         90.    As persons who enjoyed positions of trust and confidence within

9  Rena's sales force, defendants Lin and Wu understood that such information was

10 highly confidential and trade secret and was disclosed to them under circumstances

11 giving rise to a duty to maintain the secrecy, and limit the use, of such information.

12        91.    In derogation of their obligation to maintain the secrecy of Rena's

13 100,000-person sales organization, Lin and Wu have, instead, used and are using

14 such information for the benefit of Sis-Joyce and have now poached a very

15 substantial portion of Rena's sales force.  Accordingly, Rena is entitled to the entry

16 of an injunction prohibiting further use of its trade secrets; a preliminary and

17 permanent injunction prohibiting Sis-Joyce, Lin and Wu from continuing to benefit

18 from their misappropriation of Rena's trade secrets; an award of Rena's actual loss

19 caused by the misappropriation; an award of defendants' unjust enrichment caused

20 by the misappropriation and not taken into account in computing the damages for

21 actual loss; an award of exemplary damages based on defendants' willful and

22 malicious misappropriation of Rena's trade secrets; and an award of reasonable

23 attorneys' fees and costs.

24 **EIGHTH CLAIM FOR RELIEF**

25 (Interference with Prospective Economic Advantage by Rena

26 against all Defendants)

27       92.    Rena incorporates and re-alleges Paragraphs 1-91 of this Complaint.

28

04873.23644/4868572.8

COMPLAINT

93.     Rena's economic relationships with its 100,000-member sales force provided prospective economic benefits for Rena.

94.     Defendants knew and should have known of Rena's economic relationships with its sales representatives and that those economic relationships provided prospective economic benefits for Rena.

95.     Defendants committed intentional acts that were designed, and which they knew and should have known were substantially likely, to result in a disruption of Rena's business and to impose a burden upon Rena's economic relationships with it sales representatives.  Those actions were independently wrongful and included, without limitation, the use of false representations that Rena had been acquired by Sis-Joyce and/or "ARëna;" false representations that Rena had become "ARëna;" and the use of Rena's highly confidential and trade secret information concerning the identities and levels of the persons in its 100,000-person, multi-level sales force.

96.     But for the conduct of defendants, Rena's economic relationships with its sales force would have resulted in economic benefits to Rena.

97.     As a result of the aforementioned conduct, Rena suffered damages in an amount to be proved at trial, but which include the loss of customers, sales representatives, sales, good will, and valuable proprietary and trade secret information.  Moreover, Defendants' misconduct will continue unabated barring relief, and Rena is therefore entitled to preliminary and permanent injunctive relief to prevent further such misconduct.

98.     The aforementioned conduct was despicable, wanton, oppressive, malicious, duplicitous, and performed with willful and conscious disregard of Rena's rights and with the intent to deprive Rena of those rights.  Accordingly, Rena is entitled to an award of punitive and exemplary damages.

COMPLAINT

**NINTH CLAIM FOR RELIEF**

(Trade Libel by Rena against all Defendants)

99.    Plaintiff Rena incorporates and re-alleges Paragraphs 1-98 of this Complaint.

100.   Defendants have each individually and in combination made statements concerning Rena's ownership, existence, corporate name, trademarks, products and customers that were false, inaccurate, misleading, deceptive and untrue.

101.   Defendants knew that such statements were false, inaccurate, misleading, deceptive and untrue and knew and acted with reckless disregard of the truth of those statements, both at the times the statements were made and thereafter.

102.   As a direct and proximate result of such statements, Rena's customers, sales representatives, and accounts had been induced to cease, reduce, or diminish their business relationships, dealings, and orders placed with Rena.

103.   As a result of the aforementioned conduct, Rena has suffered damages in an amount which has not yet been ascertained but which includes the loss of Rena's customers, sales representatives, sales, and good will.

104.   The aforementioned conduct was despicable, wanton, oppressive, malicious, duplicitous, and performed with willful and conscious disregard of Rena's rights and with the intent to deprive Rena of its rights.  Accordingly, Rena is entitled to an award of punitive and exemplary damages.

**TENTH CLAIM FOR RELIEF**

(False Light Invasion of Privacy by Kathryn Li and Robert Milliken

against all Defendants)

105.   Plaintiffs Kathryn Li and Robert Milliken incorporate and re-allege paragraphs 1-104 of this Complaint.

106.   Defendants' use of photographs of plaintiffs Kathryn Li and Robert Milliken, as well as the use of the letter signed by Mr. Milliken, on websites advertising and promoting defendants' purported "ARëna" products constitutes a

calculated falsehood intended to deceive persons viewing the websites into believing that plaintiffs have somehow sponsored, endorsed, produced, or approved defendants' products.

107.    In appropriating plaintiffs' likenesses, correspondence, and names, defendants have acted with actual malice in falsely portraying plaintiffs as having created or approved defendants' products when, in fact, the opposite is true. Defendants' misappropriation of plaintiffs' images, names, and letter was done maliciously as part of a calculated scheme to misappropriate plaintiffs' business by confusing and misleading plaintiffs' sales leaders, sales representatives, customers, and consumers of natural, organic topical and ingestible skin care products.

108.    The above invasion of plaintiffs' privacy was wrongful and has caused both humiliation and financial harm to plaintiffs.

109.    The acts alleged above were performed without plaintiffs' consent and resulted in damage to plaintiffs in an amount to be proved at trial.  Plaintiffs are also entitled to profits attributable to defendants' unauthorized use of their likenesses, names and letter.

110.    Upon information and belief, defendants have engaged in the conduct alleged above with oppression, fraud and malice.  Accordingly, plaintiffs are entitled to an award of punitive and exemplary damages in an amount to be proved at trial.

### ELEVENTH CLAIM FOR RELIEF

(Violation of Right of Publicity by Kathryn Li and Robert Milliken against all Defendants)

(*California Civil Code* § 3344 and the Common Law)

111.    Plaintiffs Kathryn Li and Robert Milliken incorporate and re-allege paragraphs 1-110 of this Complaint.

112.    Through their talent and hard work developing natural, organic topical and ingestible skin care products, plaintiffs Kathryn Li and Robert Milliken have developed and earned considerable good will and commercial value in their names,

04873.23644/4868572.8

1 images, and likenesses among persons selling, distributing and purchasing natural,
2 organic topical and ingestible skin care products. Their likenesses convey a sense of
3 integrity and scientific accomplishment.

4     113. Plaintiffs never agreed to allow the use of their names or likenesses in
5 connection with the marketing, advertising, distribution or sale of defendants'
6 products.

7     114. By using plaintiffs' names and likenesses in conjunction with the
8 advertising of their products, defendants have knowingly misappropriated plaintiffs'
9 names and likenesses for commercial gain.

10     115. The acts alleged above constitute a violation of *California Civil Code*
11 § 3344 and plaintiffs' common law right of publicity.

12     116. As a direct and proximate result of defendants' acts alleged above,
13 plaintiffs have been damaged in an amount to be proved at trial. Plaintiffs are also
14 entitled to all profits attributable to defendants' unauthorized use of their names and
15 likenesses.

16     117. Pursuant to *California Civil Code* § 3344(a), plaintiffs are also entitled
17 to recover reasonable attorneys' fees.

18     118. Upon information and belief, defendants have engaged in the conduct
19 alleged above with oppression, fraud and malice. Accordingly, plaintiffs are entitled
20 to an award of punitive and exemplary damages in an amount to be proved at trial.

21 **TWELFTH CLAIM FOR RELIEF**

22 (California Statutory Unfair Competition by Rena against all Defendants)

23     119. Plaintiff Rena incorporates and re-alleges paragraphs 1-118 of this
24 Complaint.

25     120. Defendants' acts described above constitute fraudulent and unlawful
26 business practices as defined by *California Business & Profession Code* § 17200
27 et seq.

28

COMPLAINT

121.   Plaintiffs have valuable and protectable rights in their RENA and RENA BIOTECHNOLOGY word and design marks.  Those marks are inherently distinctive, and, through plaintiffs' use, have come to be associated in the market solely with Rena, which is well known as the source of the products on which they are used.

122.   Defendants' sale of their infringing products is likely to cause confusion as to the source of their Activation Energy Serum, and other products, and is likely to cause consumers and sales representatives to be confused or mistaken into believing that there is a relationship between defendants and Rena, or that defendants' products are affiliated with or sponsored by Rena.

123.   Defendants' use of deceptively similar Internet domain names for sites that are copied heavily from and derivative of Rena's official website is likely to cause others to be confused or mistaken into believing that there is a relationship between defendants and Rena, or that defendants' products are affiliated with, or sponsored by, Rena.  The fraudulent business practices of Defendants, including their cybersquatting of domain names, infringement of Rena's copyrighted materials, theft and use of Rena's trade secret information, and intentional interference with Rena's prospective economic advantage further constitute unfair competition and fraudulent business practices.

124.   As a direct and proximate result of defendants' wrongful conduct, Rena and Kathryn Li have been injured in fact, and have lost money and profits, and such harm will continue unless defendants' acts are enjoined by the Court.  Rena and Kathryn Li have no adequate remedy at law for defendants' continuing violation of their rights.

125.   Defendants should be required to restore to Rena and Kathryn Li any and all profits earned as a result of their unlawful and fraudulent actions, or provide Rena and Kathryn Li with any other restitution or relief as the Court deems appropriate.

04873.23644/4868572.8

COMPLAINT

1

## THIRTEENTH CLAIM FOR RELIEF

2        (California Common Law Unfair Competition by Rena against all Defendants)

3        126.   Plaintiff Rena incorporates and re-alleges paragraphs 1-125 of this

4    Complaint.

5        127.   Plaintiff's genuine RENA products have acquired a secondary meaning

6    among leaders, sales representatives, and consumers in the natural, organic topical

7    and ingestible skin care products market as associated with, and emanating from,

8    Rena.

9        128.   Defendants, through the marketing of their directly competing

10   products, have unfairly imitated the name and appearance of Rena's products and, in

11   doing so, have competed unfairly with Rena.

12       129.   Rena is, therefore, entitled to an award of its actual damages and,

13   because defendants acted with oppression, fraud, and malice, Rena is further entitled

14   to an award of punitive and exemplary damages in an amount to be proved at trial.

15

## FOURTEENTH CLAIM FOR RELIEF

16        (Violation of the Racketeer Influenced and Corrupt Organizations Act

17                             by Rena against all Defendants)

18                          (18 U.S.C. §§ 1962(c) and 1964(c))

19       130.   Plaintiff Rena incorporates and re-alleges paragraphs 1-129 of this

20   Complaint.

21       131.   Beginning from approximately 2008 through the filing of this

22   Complaint, and continuing into the future, in the Central District of California and

23   elsewhere, Defendants Wu, Lin and Does 1-10 have, directly and indirectly,

24   knowingly participated in the conduct of, and operated and managed, Sis-Joyce, an

25   enterprise by which they are employed or associated and whose conduct and

26   activities affect interstate or foreign commerce (the "Criminal Enterprise"), through

27   a pattern of racketeering activity, and in so doing injured Rena in its business and

28   property.   Defendants' actions include multiple, related acts in violation of:

1  18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 2319(a)

2  and 17 U.S.C. § 506(a) (criminal copyright infringement), 18 U.S.C. § 2320

3  (trafficking in counterfeit goods).

4      132.   The predicate acts alleged herein occurred after the effective date of 18

5  U.S.C. §§ 1961 et seq., and the last such act occurred within 10 years after the

6  commission of a prior act of racketeering activity.  These racketeering activities

7  include repeated acts of:

8              (a)    Criminal Copyright Infringement.  Defendants Lin, Wu

9  and Does 1-10 willfully infringed and continue to willfully infringe Rena's

10  copyrights, including without limitation with respect to copyrighted material on the

11  AmericanRena.com website, for purposes of commercial advantage and private

12  financial gain, all in violation of 18 U.S.C. § 2319(a) and 17 U.S.C. § 506(a)(1)(a),

13  (c), as alleged with greater particularity in the foregoing paragraphs.

14              (b)    Trafficking in Counterfeit Goods.  Defendants Lin, Wu

15  and Does 1-10 intentionally trafficked and continue to intentionally traffic in goods

16  while knowingly using a counterfeit mark on and in connection with such goods,

17  and attempted and conspired to do so, including by selling non-genuine products

18  bearing the RENA and RENA BIOTECHNOLOGY marks and by using the RENA

19  and RENA BIOTECHNOLOGY marks, including on packaging, to sell goods

20  bearing the "ARena" label in a manner likely to deceive and cause mistake and

21  confusion, all in violation of 18 U.S.C. § 2320(a)(1, 2), as alleged with greater

22  particularity in the foregoing paragraphs.

23              (c)    Mail and Wire Fraud.  The Criminal Enterprise was and is

24  engaged in a scheme to defraud involving the conduct set forth herein, including by

25  willfully infringing Rena's intellectual property rights, counterfeiting Rena's goods,

26  misleading consumers and making false and fraudulent statements to Rena

27  members, including on the Internet, all in an effort to unlawfully hijack Rena's

28  business, property and rights.  Defendants Lin, Wu and Does 1-10, having devised

1  such a scheme to defraud, did for the purpose of furthering and executing this

2  scheme transmit and cause to be transmitted by means of wire communications in

3  interstate or foreign commerce, writing, signs, signals, pictures and sound, and

4  deposit or cause to be deposited matters or things to be sent or delivered by mail and

5  by commercial interstate carriers, and take or receive matters or things therefrom, in

6  violation of 18 U.S.C. § 1341,18 U.S.C. § 1343, 18 U.S.C. § 1346, and 18 U.S.C.

7  § 2, including without limitation by transmitting documents in furtherance of the

8  fraudulent scheme including the email messages attached hereto as Exhibit A, by

9  providing false information when registering the fraudulent and infringing

10  renaskin.com website, by causing the publication on the Internet of the fraudulent

11  and infringing renaskin.com and arenaskin.com websites that among other things

12  make counterfeit use of the RENA and RENA BIOTECHNOLOGY marks, by

13  willfully infringing Rena's copyrights and falsely purporting to advertise and sell

14  "Genuine American Rena" products, and by causing the publication on YouTube of

15  fraudulent and infringing videos, uploaded under the name "tvstripe1" on or about

16  June 2, 2010 and August 25, 2011, that among other things make counterfeit use of

17  the RENA and RENA BIOTECHNOLOGY marks and products and purport to

18  advertise and sell genuine American Rena products, but direct consumers to the

19  fraudulent and infringing renaskin.com website.

20      133.   Rena has been injured in its business or property as a direct and

21  proximate result of Defendants' violations of 18 U.S.C. § 1962(c), including injury

22  by reason of the predicate acts constituting the pattern of racketeering activity, as

23  alleged with greater particularity in the foregoing paragraphs.

24      134.   As a result of Defendants' violations of 18 U.S.C. § 1962(c), Rena has

25  suffered substantial damages, in an amount to be proved at trial.  Pursuant to 18

26  U.S.C. § 1964(c), Rena is entitled to recover treble its general and special

27  compensatory damages, plus interest, costs and attorneys fees, incurred by reason of

28  Defendants' violations of 18 U.S.C. § 1962(c).

04873.23644/4868572.8

COMPLAINT

## FIFTEENTH CLAIM FOR RELIEF

(Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act

by Rena against all Defendants)

(18 U.S.C. §§ 1962(d) and 1964(c))

135.   Plaintiff Rena incorporates and re-alleges paragraphs 1-134 of this Complaint.

136.   Beginning from approximately 2008 through the filing of this Complaint, and continuing into the future, in the Central District of California and elsewhere, Defendants Lin, Wu, Does 1-10 and others acting in concert with or on behalf of them, knowingly, willfully, and unlawfully, did conspire, combine, confederate and agree together to violate 18 U.S.C. § 1962(d) by furthering, promoting, and facilitating the Criminal Enterprise as detailed above, in violation of 18 U.S.C. § 1962(c).

137.   In furtherance of this unlawful conspiracy and its multiple objects, as alleged herein, Defendants Lin, Wu, and various co-conspirators committed numerous overt acts, including but not limited to those set forth above.

138.   Rena has been injured in its business or property as a direct and proximate result of  Defendants' violations of 18 U.S.C. § 1962(d), including injury by reason of the predicate acts constituting the pattern of racketeering activity.  As a result of the conspiracy between and among Defendants to violate 18 U.S.C. § 1962(c), Rena has suffered substantial damages, in an amount to be proved at trial. Pursuant to 18 U.S.C. § 1964(c), Rena is entitled to recover treble its general and special compensatory damages, plus interest, costs and attorneys fees, incurred by reason of Counter-defendants' violations of 18 U.S.C. § 1962(d).

## SIXTEENTH CLAIM FOR RELIEF

(Unjust Enrichment by Rena against all Defendants)

139.   Plaintiff Rena incorporates and re-alleges paragraphs 1-138 of this Complaint.

1    140.   As a direct and proximate result of the misconduct set forth above,

2   defendants have been unjustly enriched, to Rena's detriment.  Rena seeks a

3   worldwide accounting and disgorgement of all ill-gotten gains and profits resulting

4   from defendants' inequitable activities.

5                          **PRAYER FOR RELIEF**

6        WHEREFORE, plaintiffs American Rena International Corp., WanZhu,

7   "Kathryn" Li and Robert M. Milliken demand judgment:

8        1.   That defendants, their agents, servants and employees, and all persons

9   acting in concert with them, be preliminarily and permanently enjoined from

10  engaging in the unlawful conduct set forth herein, including in that they be enjoined

11  from, directly or indirectly infringing plaintiff Rena's RENA and RENA

12  BIOTECHNOLOGY trademarks; making any commercial use or use in commerce

13  of or references to the RENA or RENA BIOTECHNOLOGY marks; making any

14  commercial use or use in commerce of or references to the "ARëna," "aRena,"

15  "aRENA," or "NEW! ARËNA ACTIVATION ENERGY SERUM" marks; making

16  any commercial use or use in commerce of or references to "New Rena" or "Rena;"

17  making any commercial use or use in commerce of or references to photographs or

18  images of plaintiffs Li and/or Milliken; making any commercial use or use in

19  commerce of or references to any of Rena's copyrighted materials, including those

20  materials that appear on the AmericanRena.com website; making any commercial

21  use or use in commerce of or references to any brochures, fliers, or websites that

22  misappropriate the content or use any photographs, illustrations, or textual material,

23  or that copy the look and feel, of Rena's brochures, fliers and website; making any

24  commercial use or use in commerce of or references to product bottles or containers

25  that are confusingly similar to product bottles or containers used by Rena, or any

26  trade dress employed by Rena; and from otherwise engaging in unfair competition

27  with Rena or interfering improperly with any prospective economic advantage

28

1  enjoyed by Rena, including by providing misleading or false information to Rena
2  customers.

3    2.    An order directing the United States Patent and Trademark Office to
4  cancel the purported "NEW! RËNA ACTIVATION ENERGY SERUM" mark
5  registered pursuant to Certificate of Registration No. 4,002,069.

6    3.    An order directed to Network Solutions. Inc., directing that ownership
7  of the www.Renaskin.com and www.Arenaskin.com domain names be transferred
8  to Li.

9    4.    That plaintiffs Li and Milliken be awarded damages for the false-light
10  invasions of their privacy and violations of their rights of publicity.

11    5.    That Rena recover its actual damages and lost profits, and that it be
12  awarded an amount equal to defendants' unjust enrichment to the extent that such
13  unjust enrichment is not reflected in the award of damages, and that a constructive
14  trust in favor of Rena be imposed over defendants' ill-gotten gains and profits.

15    6.    That defendants be ordered to pay punitive and exemplary damages in a
16  sum sufficient to punish and make an example of them, and deter them and others
17  from similar wrongdoing.

18    7.    That defendants be ordered to pay double damages due to their willful
19  and malicious misappropriation of Rena's trade secrets.

20    8.    That defendants be ordered to pay trebled general and special damages,
21  together with interest thereon, costs and attorneys' fees, incurred by reason of their
22  violations of 18 U.S.C. §§ 1962(c) - (d).

23    9.    That defendants pay to plaintiffs the full cost of this action and
24  plaintiffs' attorneys' fees and investigator's fees.

25    10.    That plaintiffs have such other and further relief as the Court may deem
26  just and proper.

27
28

1  DATED: August 13, 2012

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Bruce E. Van Dalsem
David W. Quinto
B. Dylan Proctor


By _____
Bruce E. Van Dalsem
David W. Quinto
Attorneys for American Rena International
Corp., WanZhu "Kathryn" Li, and Robert
M. Milliken

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT**

----- Forwarded Message -----
**From:** virginia wu <virginiachu7@yahoo.com>
**To:** virginiachu7@yahoo.com
**Sent:** Sunday, February 13, 2011 12:51 AM
**Subject:** New Rena Company is lunched

**Dear Arena gold members,**

**Bank: CHASE BANK**

**SWift code: CHASUS33**
**Account: 946067170**
**Company: Sis-Joyce International  Co.LTD**

**New Rena product has arrived. The product name called Arena. Company will open on the end of the February. Member can reorder the product now.**
Please deposit the premium of US$1527.39 (**No Tax - Promotion**) to the above Bank account. and email to me virginiachu7@yahoo.com for indicating the member's old ID#, Name, Tel#, Address. Company will ship the order to your address. Package including 10 bottles of concentrate and 2 empty bottles. The member in out of state will receive 11 bottles of concentrate.
I will provide all the member's order record to the Company. When the Company computer system are ready around begining of the March, All member's commission will be paid.
So, please grab this chance, I believe we can do better, bigger and
easier at this time. Any questions please call me or email me. Thank you. 626-329-3991


在加州的會員訂貨須知:

10瓶50倍的濃縮液, 沒有外面的紙合包裝, 加上二瓶30m1的能量空瓶.
外面的紙合包裝以後會補發給會員.
目前促銷中, 含稅只須付 US$ 1,527.39元. 請直接存入上面的Account. 存完後請 E-mail給virginiachu7@yahoo.com 請告知您在舊的ID號碼#,  姓名, 电話, 及郵寄地址.
公司馬上會把貨郵寄到您要的地址, 必須要有人簽收.

外州及其它國家的會員訂貨須知:

11瓶50倍的濃縮液, 沒有外面的紙合包裝, 加上二瓶30m1的能量空瓶.

**EXHIBIT A      40**



外面的紙合包裝以後會補發給会員.

目前促銷中. 只須付 US$ 1,527.39元.(就多了一瓶) 請直接存入上面的Account.

存完後請 E-mail給 virginiachu7@yahoo.com 請告知您在的舊ID號碼 #,

姓名, 电話, 及郵寄地址. 公司馬上會把貨郵寄到您要的地址, 必須要有人簽收.


讓我集合在一起報備給公司, 待电腦系統都完成後, 公司馬上會把獎金撥下來.


**Best regard,**
**Virginia Wu**
**626-329-3991**

EXHIBIT A

2

41

**IT**

----- Forwarded Message -----
**From:** virginia wu <virginiachu7@yahoo.com>
**To:** Margaux Cheng <regency898@yahoo.com.tw>; ROB SIMONE <robsimonetalks@yahoo.com>; Lisa Canada <lisa__ma@yahoo.com>
**Cc:** Kavina Chang <globalfreestore@yahoo.com>; Simon Ma Rena <simonma7@yahoo.com>
**Sent:** Wednesday, March 16, 2011 11:42 AM
**Subject:** Arena needs your information

Dear all,

It is good to hear that Arena ( 2nd generation of Rena) is finally open for our members.Now all we need to do is go to the back office key in your personal information. Later we will notify you how to activate your account for the member who has ordered product.

Go to sisjoyce.com

go to office => member log in ( please add 6 before your member ID and password )
go to Manage my account => Personal information (Rember ID# is your Social Security #)

Please call me if you have any questions.

Have a good day
Virginia

# EXHIBIT A

42

1

IT

----- Forwarded Message -----
**From:** virginia wu <virginiachu7@yahoo.com>
**To:** ROB SIMONE <robsimonetalks@yahoo.com>; Lisa Canada <lisa__ma@yahoo.com>; Jane Wang Rena
<tojxw@yahoo.com>; Kavina Chang <globalfreestore@yahoo.com>; Tina Rena <tinalee4rena@yahoo.com>;
Vanessa Canada <vanessawong_ca@yahoo.ca>; Wendy Li Rena <syli233@hotmail.com>; Margaux Cheng
<regency898@yahoo.com.tw>
**Sent:** Monday, February 21, 2011 12:54 AM
**Subject:** Fw: Re : Very Exciting Update News !


## Dear All Members :

## The Top Leader, Annie Lin
### She has **very exciting news for everyone!**
### On the Feb-26-11   Pm 3:00-6:00
###         Feb-27-11   Pm 1:00-5:00

**All members that attend will receive complementary gifts and also be
eligible for a raffle for the patented micro-molecular Activation energy
bottle.
Special thanks to Alice Hsu for providing us with the meeting location!**

感謝我們的大 Leader Annie Lin 將專程給我們帶來令人興奮的好消息.
會議的時間如下.
    2月26日Pm 3:00-6:00
    2月27日Pm 1:00-5:00
我們有抽獎活动, 獎品非常豐富, 達到千元以上.
其中包括有專利的能量瓶.

EXHIBIT A
1

43

所有來的會員將都會有禮物贈送.

我們特別在此感謝Alice Hsu她提供我們会議場所.
**Address Located:** 聖約翰美容學院

**9526  Las Tunas  Dr**
**Temple City CA 91780**

On Las Tunas between Temple city & Rosemead .
It is located on primrose Ave right in front
of the Mandarin Noodle Deli.


Best Regard
Virginia

EXHIBIT A

2    **44**

--- On **Sun, 6/12/11, Annie Lin <_annierenausa@yahoo.com_>** wrote:

From: Annie Lin <annierenausa@yahoo.com>
Subject: Fw: New Powerpoints
To: "Simon Ma" <simonma7@yahoo.com>, virginiachu7@yahoo.com, "Christine Ko" <arenausa7@yahoo.com>
Date: Sunday, June 12, 2011, 2:34 PM


--- On **Sun, 6/12/11, Annie Lin <_annierenausa@yahoo.com_>** wrote:

From: Annie Lin <annierenausa@yahoo.com>
Subject: New Powerpoints

EXHIBIT A

47

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| American Rena International Corp., a California corporation; Wanzhu"Kathryn" Li, an individual; and Robert M. Milliken, an individual, | Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Virgina Wu, an individual; and Does 1 - 10, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Bruce E. Van Dalsem (Bar No. 124128)<br>David W. Quinto (Bar No. 106232)<br>B. Dylan Proctor (Bar No. 219354)<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 - 213/443-3000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Amount to be prove

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Lanham Trademark Act, 15 U.S.C. §1116, 1117 & 1125(a) & (d); 17 U.S.C. §101 and 18 U.S.C. §1964(c)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ CV12 06972

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No   [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    [ ]  A. Arise from the same or closely related transactions, happenings, or events; or
                                 [ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                 [ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 [ ]  D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| American Rena International Corp., WanZhu "Kathryn" Li, Robert M. Milliken - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Virginia Wu - Los Angeles County | Alice "Annie" Lin - Alameda County<br>Sis-Joyce International Co., Ltd. - Sacramento County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_    Date August 13, 2012
David W. Quinto

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV12- 6972 DMG (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

Name & Address:
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Bruce E. Van Dalsem (Bar No. 124128)
Daivd W. Quinto (Bar No. 106232)
B. Dylan Proctor (Bar No. 219354)
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

American Rena International Corp., a California corporation; Wanzhu"Kathryn" Li, an individual; and Robert M. Milliken, an individual,

PLAINTIFF(S)

v.

Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Virgina Wu, an individual; and Does 1 - 10,

DEFENDANT(S).

CASE NUMBER

CV12 06972 DMG (JEMx)

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within 21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Bruce E. Van Dalsem_____ , whose address is 865 S. Figueroa Stree, 10th Fl., Los Angeles, CA 90017_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___8/13/12___

By: ___C. Power___

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3).]*