QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  David W. Quinto (Bar No. 106232)
  davidquinto@quinnemanuel.com
  B. Dylan Proctor (Bar No. 219354)
  dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for American Rena International Corp.; WanZhu "Kathryn" Li; Robert M. Milliken

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| American Rena International Corp., a California corporation; WanZhu "Kathryn" Li, an individual; and Robert M. Milliken, an individual,<br><br>       Plaintiffs,<br><br>   vs.<br><br>Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Robert Simone, an individual; and DOES 2-10,<br><br>       Defendants. | CASE NO. CV-12-06972-FMO (JEMx)<br><br>**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

THE COURT, having considered the parties' JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER, and GOOD CAUSE appearing therefor; HEREBY ORDERS THAT:

1. This Protective Order is being entered to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment.  This Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, other discovery responses, admissions, pleadings, and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2. Any Producing Party (as defined below) may designate Discovery Material in connection with this Litigation as "Confidential," either by notation on the document (without obscuring or defacing the material), statement on the record of the deposition, written notification to the counsel for the parties hereto, or by other appropriate means.  The parties agree to exercise good faith in evaluating whether materials should be designated "Confidential" pursuant to this Protective Order.

3. As used herein:

(a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, if such Discovery Material contains trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business or personal interests of any of that party's customers or clients.

(b) "Producing Party" shall mean the parties to this Litigation and any non-parties producing Confidential Information in connection with discovery in this matter or the party asserting the confidentiality designation, as the case may be.

(c) "Receiving Party" shall mean the parties to this Litigation and/or any non-party receiving Confidential Information in connection with discovery in this matter.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential Information. If the Producing Party does not agree to declassify such Discovery Material, the Receiving Party may move the Court for an order declassifying that Discovery Material. Unless and until all parties and relevant non-parties shall have agreed in writing or an order of the Court shall have been entered and become enforceable which provides that any challenged Confidential Information may be used or disclosed in a manner different from that specified in this Protective Order, the parties shall treat and protect all material designated as "Confidential" in accordance with this Protective Order. In the event of any such disagreement, the Producing Party shall bear the burden of proving by clear and convincing evidence that the designated item may be protected from public disclosure under applicable law.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) The parties and personnel of the parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) former personnel of the parties actually engaged in assisting in the preparation of this Litigation for trial or other proceedings herein

who have consented in writing, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Protective Order;

      (c)    counsel of record for the parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      (d)    expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Litigation or to give testimony with respect to the subject matter of this Litigation at the trial of this Litigation or other proceedings herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

      (e)    the Court, court personnel, and the jury in the department to which this action is assigned, and persons present in the courtroom during the trial of this matter, if pursuant to paragraph 12 or paragraph 25 hereof;

      (f)    an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer or videographer necessary for purposes of preparing deposition transcripts or videos;

      (g)    witnesses during their depositions to whom disclosure is reasonably necessary and who execute the certificate in the form of Exhibit A attached hereto.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

      (h)    any person(s) whose name(s) appear on the face of or in metadata associated with Confidential Information as having originally prepared, sent and/or received Confidential Information;

      (i) any Discovery Referee or settlement conference officer assigned to this matter; and

      (j) any other person agreed to in writing by the parties, or ordered by the Court.

  6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and shall not be used in any manner for any other purposes at anytime during or after this Litigation..

  7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(d) hereof, counsel for the Receiving Party shall obtain the expert's written certification, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Protective Order.  Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Fed. R. Civ. P. 26(a)(2), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

  8. All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such fifteen-day period, the deposition, or pages thereof, may be classified as Confidential Information by any party.

  9. Should the need arise for any of the parties to disclose Confidential Information during any hearing before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Protective Order does not preclude presenting the original of a deposition transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing and/or annexing Confidential Information, in their entirety to outside counsel for parties to this Protective Order, which transcripts shall then be maintained by such outside counsel in accordance with the provision of this Protective Order.

11. A Receiving Party who seeks to file with the Court any Discovery Material, or any pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents, that have previously been designated as comprising or containing Confidential Information shall either (a) redact all such Confidential Information before filing or (b) file such Confidential Information under seal as provided by the Federal Rules of Civil Procedure and the Local Rules for the Central District of California.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any Discovery Material that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the Discovery material as Confidential Information within a reasonable time following the discovery that the document or information has been produced without such designation and the prompt transmittal of replacement copies with appropriate designations.  The party receiving such written notice shall treat materials so designated as Confidential Information and such materials shall be fully subject to this Protective Order as if they had been initially so designated.  Upon receipt of replacement copies, the Receiving Party shall destroy the undesignated

1  copies immediately and within no more than ten (10) business days following
2  receipt of designated replacement copies.  A person or party who has disclosed
3  information that is subsequently designated Confidential Information shall in good
4  faith assist the party designating the information in retrieving such information from
5  all recipients not entitled to receive such information under the terms of this
6  Protective Order and preventing further disclosures except as authorized under the
7  terms of this Protective Order.

8        14.    Extracts, summaries, notes, compilations, copies, electronic
9  images, or databases containing Confidential Information shall also be treated as
10 confidential in accordance with the provisions of this Protective Order.

11       15.    The production or disclosure of Confidential Information shall in
12 no way constitute a waiver of each party's right to object to the production or
13 disclosure of other information in this Litigation or in any other action.

14       16.    A Producing Party may also designate Discovery Material as
15 "Highly Confidential Information/Attorneys' Eyes Only."  This designation shall
16 signify that (1) at the time of the designation the Discovery Material contains or
17 constitutes trade secrets or highly confidential and sensitive business or financial
18 information, (2) there is a substantial and imminent risk that, absent such
19 designation, its disclosure to the Receiving Party could cause competitive and/or
20 economic harm to the Producing Party, and (3) such Discovery Material would not
21 otherwise be adequately protected under the procedures set forth herein for
22 "Confidential Information."  The provisions of this Protective Order, including all
23 usage, dissemination, and disclosure limitations, shall be applicable to "Highly
24 Confidential Information/Attorneys' Eyes Only" in the same manner as
25 "Confidential Information," except notwithstanding any other provision of this
26 Protective Order, no disclosure of "Highly Confidential Information/Attorneys'
27 Eyes Only" may be made to any party.  For purposes of this subsection of this
28 Protective Order, a party's in-house counsel and the paralegals and support

personnel working for such in-house counsel do not constitute a "party."  However, disclosure to in-house counsel shall be limited to those counsel providing legal advice in connection with this Litigation, and Highly Confidential Information/Attorneys' Eyes Only disclosed to in-house counsel may not be used for any business or other purpose unrelated to the prosecution or defense of this Litigation.  Highly Confidential Information/Attorneys' Eyes Only may not be disclosed to any other officers, directors, employees, or agents of a party, including other in-house counsel.  The parties may submit Highly Confidential Information/Attorneys' Eyes Only to the Court in accordance with paragraph 11 hereof.  Nothing in this subsection shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Highly Confidential Information/Attorneys' Eyes Only, provided that counsel shall not disclose the contents of any Highly Confidential Information/Attorneys' Eyes Only contrary to the terms of this Protective Order.

17.  A Producing Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity.  If a Receiving Party receives materials that appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from examining the materials and shall immediately notify the Producing Party in writing that he or she possesses material that appears to be privileged.  In the event of inadvertent disclosure of alleged Privileged Documents, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return of the alleged Privileged

Documents. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and within ten (10) business days of receiving such notice of inadvertent production of Privileged Documents, the Receiving parties shall return or destroy all documents identified by the Producing Party in such notice and shall expunge from any other document information or material derived from the inadvertently produced Privileged Documents. Within ten (10) business days of the return or destruction of the inadvertently produced information or documents, the designating party shall provide the Receiving Party information supporting the claim of privilege as required by the applicable court rules or pursuant to any agreement of the parties reached pursuant to paragraph 18 below. Nothing herein shall prevent a party from challenging the propriety of the attorney-client privilege or attorney work product protection designation by submitting a written challenge to the Court. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the documents shall nevertheless be immediately returned to the Producing Party, and all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) business days of receipt of the privilege log for the inadvertently produced documents. To the extent counsel cannot resolve the issue within ten (10) business days, the Receiving Parties may bring a motion to compel production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents have already been produced except in the case of repeated production, representations made by the Producing Party to the contrary or the known use of such documents in a manner inconsistent with a claim of privilege. Alleged Privileged Documents shall remain segregated and protected against further disclosure and use during the pendency of any dispute over the status of any alleged Privileged Documents.

18. The parties shall meet and confer in good faith to develop a protocol for any privilege logs.

19. If a party who received Confidential Information learns that, by inadvertence or otherwise, Confidential Information has been disclosed to any person or in any circumstance not authorized under this Protective Order, the party must immediately: (a) notify counsel for the party who produced the confidential information of the unauthorized disclosures and provide to such counsel all known relevant information concerning the nature and circumstances of such disclosure; (b) use its best efforts and take all reasonable measures to retrieve all copies of the improperly disclosed Confidential Information and to ensure that no further or greater unauthorized disclosures and/or use thereof are made; (c) inform the person or persons to whom unauthorized disclosures and/or use thereof are made; and (d) request such person or persons to execute the certificate attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Confidential Information or waive the right to hold the disclosed information as protected.

20. This Protective Order is entered into without prejudice to the right of any party to seek relief from, or modification of, this Protective Order or any provisions hereof, by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure, Local Rules of the Central District of California, or other applicable law.

21. The parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Protective Order by either party and agree that under such circumstances the parties will be entitled to specific performance, and/or injunctive relief, to enforce the terms hereof – in addition to any remedy to which they may be entitled at law or in equity.

22. The provisions of this Protective Order shall be binding upon the parties and shall be governed by and construed in accordance with the laws of the State of California and the United States of America.  All modifications of, waivers of and amendments to this Protective Order must be in writing and signed by, or on behalf of, the parties.  The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.  All disputes arising under this Protective Order shall be resolved by the United States District Court for the Central District of California or any other court of competent jurisdiction.  Every party or individual who receives Confidential Information agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this order.

23. This Protective Order has no effect upon, and shall not apply to, the parties' use of their own Discovery Material for any purpose.  Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential Information that has been obtained lawfully by such party independently of the proceedings in this Litigation.

24. This Protective Order is not intended to prohibit or limit the use or admissibility of Confidential Information upon trial at this case.  Before the trial begins, the parties shall meet and confer in good faith as part of the pre-trial preparation process to put into place a procedure for identification and use of Confidential Information at trial. If the parties reach an agreement on procedure, they will move the Court for an Order approving of the procedure.  If the parties do not reach an agreement on procedure, any party may seek an appropriate Court Order concerning the handling at trial of Confidential Information.  Any material designated as "Confidential" shall continue to maintain the protections and designations provided herein until there is a ruling by the Court on the procedures for introduction of evidence at trial.  Confidential Information not introduced as

evidence at trial shall maintain such protections and designations after commencement of any trial in this Litigation.

25. In the event that additional parties join or are joined in this Litigation, neither they nor their counsel, or the experts or consultants retained to assist said counsel shall have access to Discovery Material designated as Confidential Information until the newly-joined party, its counsel, experts and consultants have executed and filed with the Court their agreement to be fully bound by this Protective Order.

26. The parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Protective Order had been entered by the Court.

27. This Protective Order shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of all parties or order of a court of competent jurisdiction, continue to be binding after the conclusion of this Litigation. Following termination of this matter, the Court will retain jurisdiction to enforce the terms of this Protective Order.

28. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility of any facts or documents revealed in the course of disclosure.

29. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party. No party, expert,

consultant, or any other person or entity to which such Confidential Information was produced shall retain any copies of any such Confidential Information. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, other court filings, discovery responses, deposition transcripts and deposition and trial exhibits (regardless of whether such materials contain or reference Confidential Information) provided that such outside counsel shall not disclose Confidential Information to any person or entity except pursuant to court order or agreement with the party who designated the information Confidential. Any such materials or information that are not returned or destroyed shall remain subject to this Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any party or its affiliate(s) in connection with any other matters.

30. This Protective Order may be changed by further order of this Court, and without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

31. Nothing in this Protective Order is intended to prohibit or proscribe the ability of counsel for any party from providing to their respective clients informed and meaningful advice with respect to this case or to prevent counsel from aggregating or summarizing such information for their respective clients so long as such counsel does not reveal or disclose Confidential Information to those unauthorized to have access to such information under this Protective Order.

1
2
3   DATED: February 04, 2013                    /s/John E. McDermott
                                                HON. JOHN E. MCDERMOTT
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| American Rena International Corp., a California corporation; WanZhu "Kathryn" Li, an individual; and Robert M. Milliken, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Robert Simone, an individual; and DOES 2-10,<br><br>        Defendants. | CASE NO. CV-12-06972-FMO (JEMx)<br><br>**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION** |
|---|---|

I, _____, state that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have received a copy of the Stipulation and Protective Order for the Production and Exchange of Confidential Information (the "Protective Order") entered in the above-entitled action on _____.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.    Upon request, I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel

1 for the party by whom I am employed or retained, or to counsel from whom I
2 received the Confidential Information.
3 9. I hereby submit to the jurisdiction of this Court for the purpose of
4 enforcement of the Protective Order in this action.
5 I declare under penalty of perjury under the laws of the United States of
6 America that the foregoing is true and correct.

Dated: _____