Leon E. Jew (SBN 219298)
JEW & ASSOCIATES
5776 Stoneridge Mall Rd., Suite 288
Pleasanton, CA 94588
Tel: (925) 463-3288
Fax: (925) 463-3218
Email: Ljewpt@yahoo.com

Attorneys for Defendants
Sis-Joyce International Co. Ltd. and
Alice Lin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| American Rena International Corp., a California corporation; WanZhu "Kathryn" Li, an individual; and Robert M. Milliken, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Robert Simone, an individual; Christine Ko, an individual, and DOES 3-10,<br><br>Defendants. | Case No. CV-12-06972-FMO (JEMx)<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**DECLARATION OF LEON E. JEW**<br><br>**Date: July 18, 2013**<br>**Time: 10:00 a.m.**<br>**Courtroom: 22** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 18, 2013 at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 22 of the above-entitled Court located at 312 N. Spring Street, Los Angeles, CA 90012, before the Honorable Fernando F. Olguin, LEON E. JEW of Jew & Associates, as counsel for the Defendants Sis-Joyce International Co. Ltd. and Alice Lin (hereinafter known collectively as the "Defendants"), and moves this Court for a Motion to Withdraw as counsel of record for the Defendants, and in support thereof would show.

This Motion is made pursuant to Central District Local Rule 83-2.9.2.1 on the grounds that:

(1) Defendants do now allow counsel to make decisions based on his own professional knowledge, skills and experiences (Leon E. Jew Declaration); and

(2) Defendants are unable to pay the substantial fees currently owed to counsel and the ongoing attorney fees (Leon E. Jew Declaration).

This Motion is made following

(1) the "meet and confer" telephone conference between Leon E. Jew and the plaintiffs' counsels at 4:00PM on May 17, 2013 pursuant to Hon. Fernando M. Olguin's March 19, 2013 Order (Doc. 105). Transcripts of the conference will be submitted as soon as available. Plaintiffs' counsels do not oppose Defendants counsel's Motion to Withdraw (EXHIBIT A, EXHIBIT B); and

(2) the written notices to Defendants and all parties who have appeared in the action pursuant to L.R. 7-3 (EXHIBIT C; EXHIBIT D).

This Motion to Withdraw as Counsel is based on this Notice of Motion to Withdraw, the attached Memorandum of Points and Authorities, and the Declaration of Leon E. Jew, as well as other evidence and arguments as may be presented at the hearing of this Motion to Withdraw as Counsel for Defendants.

2

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN
Case No. CV-12-06972 FMO (JEMx)

1

2   Dated: May 23, 2013                    JEW AND ASSOCIATES

3

4

5

6                                    BY   _____
                                          Leon E. Jew
7                                         Attorneys for Defendants
                                          Sis-Joyce International Co. Ltd. and
8                                         Alice Lin

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Leon E. Jew (hereinafter the "counsel"), the counsel of record for the Defendants, seeks an order permitting him, in good faith, to withdraw as counsel for Defendants due to irreconcilable differences that have arisen between the Defendants and the counsel, and a result of which, it is no longer appropriate for the counsel to continue to represent the Defendants.

The irreconcilable differences include, but not limited to, the facts that the Defendants no longer follow the advice of the counsel, which does not allow the counsel to make decisions based on his professional knowledge, skills and experiences, and that the Defendants continually urge the counsel to make representations in their way that the counsel cannot follow. Further, Defendants are unable to pay the substantial fees currently owed to counsel and the ongoing attorney fees in this case.

On April 3, 2013, the counsel provided written notice to the Defendants as required by L.R. 83-2.9.2.3, which states that as a corporation, Defendant Sis-Joyce International Co. Ltd. cannot appear *pro se*. Prior to this written notice, the counsel met with the Defendant Alice Lin, who, during the meeting, agreed to act as "*pro se*". However, the counsel highly encouraged the Defendants to find a new attorney or attorneys to represent them as soon as possible. *See* EXHIBIT C (04/03/2013 eMail). On May 22, 2013, the counsel provided another written notice to the Defendants, *See* EXHIBIT D (05/22/2013 Written Notice service via first class mail and eMail).

According to the L.R. 83-2.9.1, the party who has appeared by an attorney, may not thereafter appear or act *pro se*, except upon an order made by the Court

4

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN
Case No. CV-12-06972 FMO (JEMx)

after notice to such attorney and to any other parties who may have appeared in the action. Therefore, the counsel cannot terminate the employment except by leave of court pursuant to L.R. 83-2.9.2.1 – 83-2.9.2.3.

The Plaintiffs' attorneys of record will not oppose Leon E. Jew's Motion to Withdraw as Counsel. See <u>EXHIBIT A</u> (05/03/2013 eMail) and <u>EXHIBIT B</u> (05/16/2013 eMail).

## ARGUMENTS

### I.  THE STANDARD

The Rules of Professional Conduct of the State Bar of California, Rule 3-700(B) and (C) set forth the situations of mandatory withdrawal and permissive withdrawal.

<u>Mandatory Withdrawal</u>

"*A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:*

*…*

*(2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; …*" Rule 3-700(B)(2).

<u>Permissive Withdrawal</u>

"*… a member may not request permission to withdraw …, unless such request or such withdraw is because:*

*(1) The client (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or …(d) by other conduct renders it unreasonably difficult for the member*

> *to carry out the employment effectively, or ... (f) breaches an agreement or obligation to the member as to expenses or fees.*
>
> (2) *The continued employment is likely to result in a violation of these rules or of the State Bar Act; ...*" Rule 3-700(C)(2).

Central District Local Rule 83-2.9.2.4 provides that substitution or relief of an attorney that would cause delay in prosecution of the case to completion will not be allowed unless good cause is shown and the ends of justice require. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canadaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238 *1, *3-4 (E.D. Cal. January 13, 2009). "Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal." *Id*. at *4.

## II. GOOD CAUSE EXISTS FOR THE MOTION TO WITHDRAW

Here, the counsel has good cause to withdraw as counsel of record.

1. <u>The Counsel Must Withdraw to Avoid Violation of Ethics Rules</u>

It is the counsel's belief that continued employment will result in violation of the Rules of Professional Conduct. Jew's Decl. ¶9. Therefore, the Counsel must withdraw pursuant to Rule 3-700(B)(2).

2. <u>The Counsel's Motion to Withdraw is Permissible</u>

First, the Defendants insist upon presenting defenses that, pursuant to the counsel's belief, are not warranted under existing law and cannot be supported by good faith argument for a modification or reversal of existing law. Jew's Decl. ¶10.

For example, on April 30, 2013, from 3:00 to 4:15PM, the counsel and Plaintiffs' attorneys conducted a "meet & confer" telephone conference according to the March 19, 2013 Court Order (Doc. 105, Page 2, Line 15-22). During the telephone conference, the counsel agreed to drop eight affirmative defenses in the Answer filed on April 11, 2013 (#2 Estoppel, #9 Unjust enrichment, #10 Failure to action in a reasonable commercial manner, #11 Fair use, #13 Non-infringement, #14 No causation; #15 No damage; and #16 Justification and privilege). However, after the telephone conference, the Defendants, during the communications with the counsel, disagreed with the counsel and urged the counsel to follow their decisions. Jew's Decl. ¶11.

For another example, on May 17, 2013 from 4:00 to 4:20PM, the counsel and Plaintiffs' attorneys conducted a "meet & confer" telephone conference. After the "meet & confer" conference, the counsel communicated with the Defendants suggesting to make certain changes on the counterclaims, affirmative defenses and allegations. The Defendants specifically instructed by e-mails that the counsel is not allowed to make the suggested changes. Jew's Decl. ¶12.

Due to the Defendants' continued defiance of the counsel's legal advice by refusing to follow it as well as urge to make their own presentations regarding the counterclaims and affirmative defenses, counsel can no longer make any decision based on the counsel's knowledge, skills and experiences. Jew's Decl. ¶8.

Second, the Defendants have rendered it unreasonably difficult for the counsel to carry out the employment effectively. For example, the Defendant Alice Lin was frequently unreachable and the counsel did not know her whereabouts. Further, in many circumstances, the counsel had to communicate with the Defendants through an individual who is not a party of this action. Jew's Decl. ¶13.

Third, it is the counsel's belief that the continued employment is likely to result in a violation of the Rules of Professional Conduct. Jew's Decl. ¶14.

After the counsel received the Plaintiffs' attorneys' May 9, 2013 letter (<u>EXHIBIT E</u>), the counsel believed that further representation for the Defendants is likely to result in a violation of the Rules of Professional Conduct. Jew's Decl. ¶15.

### 3. <u>Defendants Fails to Pay the Substantial Fees Currently Owed to Counsel and the Ongoing Attorney Fees</u>

The counsel has good cause to withdraw as counsel of record based on the aforementioned arguments as well as because Defendants, as of April 15, 2013, owe counsel $14,658 which includes $504 for FedEx and other administrative expenses that the counsel has advanced. Jew's Decl. ¶18.

### III. THE COUNSEL HAS GIVEN DEFENDANTS AND PLAINTIFFS NOTICE OF ITS INTENT TO WITHDRAW

On April 3, 2013, the counsel provided written notice to the Defendants as required by L.R. 83-2.9.2.3, which states that as a corporation, Defendant Sis-Joyce International Co. Ltd. cannot appear *pro se*. Prior to this written notice, the counsel met with the Defendant Alice Lin, who, during the meeting, agreed to act as "*pro se*". However, the counsel highly encouraged the Defendants to find a new attorney or attorneys to represent them as soon as possible. *See* <u>EXHIBIT C</u> (04/03/2013 eMail). On May 22, 2013, the counsel provided another written notice to the Defendants, *See* <u>EXHIBIT D</u>.

The counsel and the plaintiffs' counsels conducted a "meet and confer" telephone conference at 4:00PM on May 17, 2013 pursuant to Hon. Fernando M. Olguin's March 19, 2013 Order (Doc. 105). Transcripts of the conference will be

8

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN
Case No. CV-12-06972 FMO (JEMx)

submitted as soon as available. During the "meet & confer", the Plaintiffs' counsels stated that they do not oppose Defendants counsel's Motion to Withdraw. *Also see* EXHIBIT A, EXHIBIT B).

The counsel has sent notice to the Defendants for more than one month. *See* EXHIBIT C and EXHIBIT D. The counsel has already met with the Defendants and provided written notice to find substitution attorneys to represent them in this case. Jew's Decl. ¶5, 6, 16.

Defendant Alice Lin has agreed to act *pro se*. However, Defendant Sis-Joyce International Co. Ltd. has not informed the counsel of the new counsels who will represent the corporation. Jew's Decl. ¶5.

The Defendants have ample time to find new counsels that are more suitable to carry out the Defendants' contentions regarding their stance in this Action. *See* EXHIBIT C and EXHIBIT D.

Thus, the counsel has provided proper notices to his clients and all other parties to his intention to withdraw as counsel for the Defendants.

## IV. THE COUNSEL'S WITHDRAWAL IS IN THE INTEREST OF JUSTICE AND MAY NOT CAUSE PREJUDICE

The counsel's withdrawal will prejudice neither Defendants nor Plaintiffs. Plaintiffs do not oppose to Counsel's withdrawal. *See* EXHIBIT A and EXHIBIT B. The counsel has given Defendants ample notices of his need to withdraw from this case for the aforementioned reasons. In addition, no continuances of any responsive deadlines have been requested by Defendants or granted by the Court.

Further, there will be no delay in the resolution of this case because trial is scheduled for spring of 2014 and the Defendants have sufficient time to find substitute counsel(s).

9

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN
Case No. CV-12-06972 FMO (JEMx)

As stated above, the counsel is no longer capable of providing effective legal services because of the Defendants' insistence of making decisions based purely on their own knowledge. In light of the circumstances, to deny the counsel's Motion to Withdraw will deter the counsel's ethical responsibilities as well as the Defendants' interests in the case.

Considering the Defendants' conduct which renders it unreasonably difficult for the counsel to carry out employment effectively, withdrawal and substitution of counsel is the best immediate remedy. The Defendants will not suffer any undue prejudice, nor are there any other reasons which would argue against granting this application.

## CONCLUSION

For the foregoing reasons, Leon E. Jew's Motion to Withdraw as Counsel for Defendants is appropriate and should be granted.

Dated:  May 23, 2013                                JEW AND ASSOCIATES

BY   Leon E. Jew
     Attorneys for Defendants
     Sis-Joyce International Co. Ltd. and
     Alice Lin

10

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN
Case No. CV-12-06972 FMO (JEMx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Case No. 12-06972-FMO (JEMx)

**Proof of Service**

I declare that I am over 18 years and not a party to the above captioned action. My business address is: JEW & ASSOCIATES, 5776 Stoneridge Mall Road, Suite 288, Pleasanton, CA 94588

**Documents Served:**

1. **Leon E. Jew's Motion to Withdraw as Counsel for Defendants Alice Lin and Sis-Joyce International;**
2. **Exhibits (A, B, C, D, E);**
3. **Leon E. Jew's Declaration; and**
4. **Proposed Order.**

On the date shown below I served a true and correct copy of the above-listed documents VIA A FIRST CLASS MAIL with sufficient postage attached, to the Plaintiffs' attorneys listed below:

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Bruce E. Van Dalsem
David W. Quinto
B. Dylan Proctor
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017-2543

and to Defendants' last known addresses:

**Alice Lin**
39960 E. Las Palmas Ct., Fremont, CA 94539

**Sis-Joyce International Co. Ltd.**
9965 FIRETHORN WAY, ELK GROVE CA 9575

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the date shown below in Pleasanton, California.

May 23, 2013

/s/ Steven Tran
Steven Tran

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS SIS-JOYCE INTERNATIONAL CO. LTD., AND ALICE LIN
Case No. CV-12-06972 FMO (JEMx)