1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2    Bruce E. Van Dalsem (Bar No. 124128)
     brucevandalsem@quinnemanuel.com
3    David W. Quinto (Bar No. 106232)
     davidquinto@quinnemanuel.com
4    B. Dylan Proctor (Bar No. 219354)
     dylanproctor@quinnemanuel.com
5  865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8
   Attorneys for American Rena International
9  Corp.; WanZhu "Kathryn" Li; Robert M.
   Milliken
10

11

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15

16  American Rena International Corp., a      CASE NO. CV-12-06972-FMO (JEMx)
17  California corporation; WanZhu
    "Kathryn" Li, an individual; and Robert  **DECLARATION OF RYAN Q.**
18  M. Milliken, an individual,              **KEECH IN SUPPORT OF**
                                             **PLAINTIFFS' REQUEST TO**
19            Plaintiffs,                     **ENTER DEFAULT AGAINST**
                                             **DEFENDANTS ROBERT SIMONE**
20       vs.                                  **AND CHRISTINE KO**

21
    Sis-Joyce International Co., Ltd., a
22  California corporation; Alice "Annie"
    Lin, an individual; Robert Simone, an
23  individual; Christine Ko, an individual;
    and DOES 3-10,
24
25            Defendants.

26

27

28

*quinn emanuel*

<u>DECLARATION OF RYAN Q. KEECH</u>

I, Ryan Q. Keech, declare as follows:

1.    I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart & Sullivan LLP, attorneys for plaintiffs American Rena International Corp., WanZhu "Kathryn" Li, and Robert M. Milliken. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    Plaintiffs filed their complaint against Sis-Joyce International Co. Ltd.; Alice "Annie" Lin; Virginia Wu; and Does 1-10 on August 13, 2012. (Dkt. 1).  On September 11, 2012, plaintiffs substituted Robert Simone as "Doe 1." (Dkt. 22).

3.    Despite plaintiffs' extensive efforts, Simone evaded service by concealing his identity and physical location.  Accordingly, plaintiffs filed for leave to serve via Simone via alternative means (Dkt. 46), which this Court granted on October 23, 2012.  Attached hereto as **Exhibit A** is a true and correct copy of the Court's Order Authorizing Service on Defendant Robert Simone via Alternative Means (Dkt. 50). Plaintiffs served the Summons and Complaint on Simone by e-mail on October 24, 2012 (Dkt. 53).

4.    Simone did not appear or respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure.  On November 16, 2012, plaintiffs filed for default, which the Clerk of the Court entered on December 11, 2012.  (Dkts. 60, 74).

5.    On March 27, 2013, with leave of the Court, plaintiffs filed an amended complaint that added new theories of liability and factual predicates, and that added Christine Ko as a defendant.  Attached hereto as **Exhibit B** is a true and correct copy of plaintiffs' First Amended Complaint in this action, *American Rena Int'l Corp., et al. v. Sis-Joyce Int'l Co., Ltd., et al.*, Case No. CV-12-06972-FMO (JEMx), filed as Dkt. 108.

6.   Attached hereto as **Exhibit C** is a true and correct copy of the Proof of Service of Summons and First Amended Complaint on defendant Robert Simone (Dkt. 122) reflecting e-mail service of the Summons and First Amended Complaint on defendant Robert Simone on April 1, 2013.

7.   Attached hereto as **Exhibit D** is a true and correct copy of the Proof of Service of Summons and First Amended Complaint on defendant Christine Ko (Dkt. 121), reflecting service of the Summons and First Amended Complaint on defendant Christine Ko on April 5, 2013.

8.   Under this Court's order dated March 26, 2013 (Dkt. 107), attached hereto as **Exhibit E**, defendant Robert Simone was required to respond, answer or otherwise plead to plaintiffs' complaint by April 11, 2013.   Neither defendant Robert Simone nor anyone claiming to represent defendant Robert Simone has contacted plaintiffs or their counsel to request an extension to respond to plaintiffs' First Amended Complaint.

9.   Under Rule 12, defendant Christine Ko was required to respond, answer or otherwise plead to plaintiffs' complaint by April 26, 2013.   Neither defendant Christine Ko nor anyone claiming to represent defendant Christine Ko has contacted plaintiffs or their counsel to request an extension to respond to plaintiffs' First Amended Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 6, 2013, at Los Angeles, California.

Ryan Q. Keech

# Exhibit A

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 5 of 68   Page ID
#:4203
Case 2:12-cv-06972-FMO-JEM   Document 50   Filed 10/23/12   Page 1 of 2   Page ID #:2031

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  David W. Quinto (Bar No. 106232)
  davidquinto@quinnemanuel.com
  B. Dylan Proctor (Bar No. 219354)
  dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for American Rena International
Corp.; WanZhu "Kathryn" Li; Robert M.
Milliken

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| American Rena International Corp., a California corporation; WanZhu "Kathryn" Li, an individual; and Robert M. Milliken, an individual,<br><br>                    Plaintiffs,<br><br>            vs.<br><br>Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Virginia Wu, an individual; Robert Simone, an individual; and DOES 2-10,<br><br>                    Defendants. | CASE NO. CV12-6972-DMG (JEMx)<br><br>**ORDER AUTHORIZING SERVICE ON DEFENDANT ROBERT SIMONE VIA ALTERNATIVE MEANS [46]** |

1         THE COURT, having considered Plaintiffs' *ex parte* application for

2 leave to serve Defendant Robert Simone by alternative means, the other pleadings

3 and papers on file in this action, and GOOD CAUSE appearing therefor,

4         IT IS HEREBY ORDERED THAT:

5         Plaintiffs may serve Defendant Robert Simone with the Summons,

6 Complaint, Amended Complaint, and any other papers required to be served upon

7 Mr. Simone, including without limitation any motions, applications, notices and

8 discovery requests, at the following e-mail addresses: robsimonetalks@yahoo.com,

9 renausa1@gmail.com, and submitmystuff@yahoo.com.  Service shall be made by e-

10 mail sent to all of these addresses.  Service of any papers served in accordance with

11 this Order on Mr. Simone will be deemed complete upon successful e-mail

12 transmission, and such e-mail may be filed as proof of service upon Mr. Simone.

13

14

15 DATED:  October 23, 2012                              

16                                          Dolly M. Gee

                             United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

~~PROPOSED~~ ORDER GRANTING LEAVE TO SERVE DEFENDANT SIMONE VIA ALTERNATIVE MEANS

# Exhibit B

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 8 of 68   Page ID
#:4206
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 1 of 50   Page ID #:3274

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Bruce E. Van Dalsem (Bar No. 124128)
brucevandalsem@quinnemanuel.com
David W. Quinto (Bar No. 106232)
davidquinto@quinnemanuel.com
B. Dylan Proctor (Bar No. 219354)
dylanproctor@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for American Rena International
Corp., WanZhu "Kathryn" Li, and Robert
M. Milliken

FILED
CLERK, U.S. DISTRICT COURT

MAR 27 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                     DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| American Rena International Corp., a California corporation; WanZhu "Kathryn" Li, an individual; and Robert M. Milliken, an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Robert Simone, an individual; Christine "Nina" Ko, an individual; and DOES 3-10,<br><br>    Defendants. | CASE NO. 12-06972-FMO (JEMx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.  **FEDERAL TRADEMARK INFRINGEMENT;**<br>2.  **COMMON LAW TRADEMARK INFRINGEMENT;**<br>3.  **TRADEMARK CANCELLATION;**<br>4.  **FEDERAL UNFAIR COMPETITION;**<br>5.  **COPYRIGHT INFRINGEMENT;**<br>6.  **VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT;**<br>7.  **TRADE SECRET MISAPPROPRIATION;**<br>8.  **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>9.  **TRADE LIBEL;**<br>10. **FALSE LIGHT INVASION OF PRIVACY;**<br>11. **VIOLATION OF RIGHT OF** |

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 9 of 68   Page ID
#:4207
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 2 of 50   Page ID #:3275

1         **PUBLICITY;**

2     **12.  CALIFORNIA STATUTORY**
           **UNFAIR COMPETITION;**

3     **13.  CALIFORNIA COMMON LAW**
           **UNFAIR COMPETITION;**

4     **14.  RACKETEER INFLUENCED**
           **AND CORRUPT**

5            **ORGANIZATIONS ACT**
           **VIOLATION;**

6     **15.  CONSPIRACY TO VIOLATE**
           **RICO; AND**

7     **16.  UNJUST ENRICHMENT**

8     **JURY TRIAL DEMAND**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

1     Plaintiffs American Rena International Corp. ("Rena"), WanZhu ("Kathryn")

2  Li, and Robert M. Milliken ("Milliken") complain and allege as follows against

3  defendants Sis-Joyce International Co. Ltd., ("Sis-Joyce"), Alice "Annie" Lin

4  ("Lin"), Robert Simone ("Simone"), Christine "Nina" Ko ("Ko"), and DOES 3-10:

5                     **NATURE OF THE ACTION**

6        1.      This is an action to prevent the complete theft of a business – lock,

7  stock, and barrel.  Plaintiff WanZhu "Kathryn" Li is an entrepreneur who began

8  manufacturing and distributing skincare products in Los Angeles, California in

9  2006.  The company she founded, plaintiff Rena, quickly grew to directly employ 20

10  persons in California.  By 2010 Rena generated $30 million in annual sales, with the

11  bulk of that sum resulting from exports to the People's Republic of China and other

12  countries in Asia.

13        2.      Defendant Lin, Simone, and Ko were customers and independent

14  sales agents for Rena's products who embarked on a brazen scheme to compete

15  unfairly with Rena and, ultimately, steal its business altogether.  Initially, Lin

16  engaged in straightforward counterfeiting – she manufactured counterfeit labels

17  using Rena's proprietary RENA and RENA BIOTECHNOLOGY marks, applied

18  them to generic bottles, and then sold adulterated RENA products she had purchased

19  from Rena in competition with Rena.  When Rena learned of Lin's perfidy in late

20  2010, it cut off her supply of RENA products.  On information and belief, Lin then

21  attempted to pass off bottles of tap water as genuine RENA products.

22        3.      Lin was neither deterred by Rena's cutting off her supply of

23  products nor satisfied with the harm she had caused through their counterfeiting.  On

24  the contrary, when Rena sought to put an end to her counterfeiting of authentic

25  RENA products, Lin, with the help of defendants Simone and Ko, embarked on a

26  secret campaign to co-opt the market for RENA products, and to hijack Rena's

27  entire business.  Operating under the name of defendant Sis-Joyce, Lin secretly told

28  Rena's consumers that Rena was out of business and that defendant Sis-Joyce – an

FIRST AMENDED COMPLAINT

1    entity owned by Lin – now sold RENA products.  With the help of Simone and Ko,

2    Lin released and distributed a competing product called "ARëna," which defendants

3    labeled as "new" and "improved."  Defendants went so far as to claim in marketing

4    materials that **"Rena is Now aRena!,"** and described "ARëna" as an "Activation

5    Energy Serum" – the same description that Rena uses for its product.  Lin also

6    falsely told Rena's independent sales agents and customers that Rena had been

7    acquired by "ARëna" or sold its proprietary product formulas to "ARëna," and that

8    Rena's "new" products *were* "ARëna."  Simone, with the knowledge or constructive

9    knowledge of the other defendants, launched websites, including

10   www.RenaSkin.com and www.ArenaSkin.com, which blatantly misappropriate

11   Rena's trademark, copy vast quantities of copyrighted materials from Rena's

12   website, included the names and photographs of *Rena's* founders, and sold

13   defendants' infringing "ARëna" products.  Simone also launched YouTube videos

14   displaying and advertising *Rena's* products and trademarks, but directing the public

15   to defendants' knockoff websites.  Defendants sold their "ARëna" products in

16   bottles that precisely copy the highly distinctive .51 oz plastic bottle designed by

17   Rena for its principal product, the RENA Activation Energy Serum.

18        4.        Since defendants launched their bogus "ARëna" products and

19   engaged in their campaign to steal Rena's business and customers, Rena's

20   worldwide sales have dropped astronomically – from an average of approximately

21   $2.5 million a month as of 2010 and early 2011 to less than $500,000 a month now.

22   By purporting to *be* Rena, defendants have destroyed virtually all of Rena's U.S.

23   sales and are now cutting substantially into its foreign sales.  Unless enjoined,

24   defendants will complete what they set out to achieve – the wholesale theft of

25   Rena's business.

26        5.        On July 4, 2012, Rena was notified by several sales agents in China

27   of overtures received from Lin to sell purported "ARëna" products.  It was only then

28   that Rena discovered Lin's surreptitious effort to steal Rena's business and clients

-2-

FIRST AMENDED COMPLAINT

1  through their misleading statements to purchasers, and it was only then that Rena
2  discovered the infringing "ARëna" products.

3        6.      Plaintiffs seek preliminary and permanent injunctive relief to enjoin
4  and restrain defendants' acts of direct and contributory trademark infringement,
5  copyright infringement, false and deceptive advertising, trade secret
6  misappropriation, trade libel, interference with prospective economic advantage,
7  unfair competition, and invasion of privacy; cancellation of defendant Lin's NEW!
8  ARËNA ACTIVATION ENERGY SERUM trademark; an order transferring
9  ownership of the purported www.RenaSkin.com and www.ArenaSkin.com domain
10  names to Rena; an order impounding the infringing goods; restitution of defendants'
11  illicit gains; damages; and punitive and exemplary relief.

12                          **PARTIES**

13        7.      Plaintiff Rena is a California corporation having its principal place
14  of business in Los Angeles, California.

15        8.      Plaintiff WanZhu Li is an individual who resides in Los Angeles
16  County, California.  Li is sometimes known by her Chinese nickname, "WenJia,"
17  and sometimes by her American name, "Kathryn."

18        9.      Plaintiff Robert M. Milliken is an individual who resides in Los
19  Angeles County, California.  Milliken is the Chief Executive Officer of Rena.

20        10.      Defendant Sis-Joyce is a California corporation having its principal
21  place of business in Elk Grove, California.  Sis-Joyce is owned, in whole or in part,
22  by defendant Lin.

23        11.      Defendant Alice "Annie" Lin is an individual who, upon
24  information and belief, resides in Fremont, California and is an owner of Sis-Joyce.

25        12.      Defendant Robert Simone is an individual who, upon information
26  and belief, resides in Los Angeles County, California.  Mr. Simone is listed as
27  having registered domain names and obtained hosting services for the

28

-3-

FIRST AMENDED COMPLAINT

1  www.RenaSkin.com and www.ArenaSkin.com websites, which exclusively sell Sis-

2  Joyce-supplied ARëna products.

3       13.      Defendant Christine "Nina" Ko is an individual who, upon

4  information and belief, resides in Los Angeles County, California.  Upon

5  information and belief, Ko is an agent of Sis-Joyce who shares responsibility for

6  Sis-Joyce's operations.

7       14.      Plaintiffs are ignorant of the true names and capacities of the

8  defendants who are named herein under the fictitious names DOES 3-10, inclusive.

9  Plaintiffs will seek leave of the court to amend the complaint to allege their true

10 names and capacities when ascertained.  Plaintiffs are informed and believe, and

11 based thereon allege, that each of the fictitiously named DOE defendants is

12 responsible in some manner for the wrongful conduct alleged herein.  Plaintiffs

13 further allege that each defendant acted in concert and participation with, as agent of

14 or representative for, at the request of, or on behalf of Sis-Joyce, Lin, Simone,

15 and/or Ko.  Each charge and allegation alleged herein is, therefore, also hereby

16 alleged against each fictitiously named DOE defendant.

17                    **JURISDICTION AND VENUE**

18      15.      This action arises under the Lanham Trademark Act, 15 U.S.C.

19 Sections 1114, 1116, 1117, and 1125(a) and (d); 17 U.S.C. Sections 101, *et seq.*; and

20 18 U.S.C. Section 1964(c).  This Court has original subject matter jurisdiction

21 pursuant to 20 U.S.C. Section 1331, *et seq.*; 28 U.S.C. Sections 1331 and 1338;

22 15 U.S.C. Sections 1116 and 1121; and 18 U.S.C. Section 1964(c).  This Court has

23 supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C.

24 Section 1367.

25      16.      Venue lies in this District pursuant to 28 U.S.C. Sections 1391(b)

26 and (c); 28 U.S.C. Section 1400(a); and 18 U.S.C. Section 1965.

27

28

-4-

FIRST AMENDED COMPLAINT

1
2

## FACTUAL ALLEGATIONS

### Rena's Business and Trademarks

3       17.      Rena is an internationally acclaimed manufacturer and distributor of
4   high-end skin care, healthcare, and anti-aging products located in Los Angeles,
5   California.  Since June 2006, it has sold its products using its RENA and RENA
6   BIOTECHNOLOGY trademarks.  RENA BIOTECHNOLOGY is registered in the
7   United States in International Class 5.  Rena was founded and is owned by plaintiff
8   Kathryn Li, who is also the registered owner of its trademarks and who has granted
9   an exclusive license of those trademarks to Rena.  Plaintiff Robert Milliken is
10  Rena's Chief Executive Officer.

11      18.      Rena manufactures and sells a suite of health-related products,
12  including Activation Energy Serum, Activation Mist, and Activation Energy Elixir.
13  Rena's scientists have extracted nearly 100 minerals and trace elements for use in
14  products designed to help users resist the effects of aging.  The Rena products
15  incorporating those natural minerals are absorbed through the skin and can reach a
16  depth of 30 to 50 millimeters.  Rena's products are designed to reduce wrinkles,
17  inflammation, and pain while moisturizing skin and promoting skin health.

18      19.      To protect its valuable and unique products, Rena has sought U.S.
19  trademark registrations for its marks.  It obtained registration of its RENA
20  BIOTECHNOLOGY word mark, No. 3,332,867, in 2007 with a first-use-in-
21  commerce date of February 1, 2007.  In April 2012, it applied for registration of a
22  stylized RENA BIOTECHNOLOGY mark, Serial No. 85,587,003, with a first-use-
23  in-commerce date of June 29, 2006.  The stylized RENA BIOTECHNOLOGY
24  mark, used on all Rena products since June 2006, is shown below.

25
26                          
27
28

-5-

FIRST AMENDED COMPLAINT

20.     In addition, in April 2012, Rena applied to register various other stylized RENA and RENA BIOTECHNOLOGY marks, using both English letters and Chinese characters, including the stylized RENA mark standing alone.  Those applications are currently pending.

21.     The authentic products sold by Rena prominently display the RENA and RENA BIOTECHNOLOGY marks, as shown below:



**Defendants' Counterfeiting**

22.     At one time, defendant Lin, Ko and Simone were authorized distributors of RENA products.  Yet while they were only authorized to sell genuine RENA products – placing orders that would be fulfilled by Rena itself – defendant Lin in fact started selling adulterated RENA products by applying counterfeited labels that used Rena's protected trademarks to generic spray bottles, which were then filled with diluted RENA products and sold as genuine.

23.     The photograph below depicts exemplars of two bottles used by Lin to sell her counterfeit RENA products.

-6-



24.     Upon discovering this counterfeiting in or about October or November 2010, Rena discontinued Lin's supply of RENA products, believing that cutting off Lin's supply of product would force an end to her counterfeiting and infringement.

25.     But Lin did not abandon these illegal activities.  Instead, on information and belief, Lin started selling tap water or contents other than the genuine Rena product, which she passed off as genuine RENA products using their counterfeit labels.

### Defendants' Fraudulent Websites and Sales

26.     Starting in or about early 2011, Lin began working with agents and/or distributors, including Simone and Ko, to manufacture and sell so-called

-7-

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM  Document 133-1  Filed 06/06/13  Page 17 of 68  Page ID
#:4215
Case 2:12-cv-06972-FMO-JEM  Document 108  Filed 03/27/13  Page 10 of 50  Page ID
#:3283

1  "ARёna" products.  Like Lin, both Simone and Ko were former members of Rena.

2  To further their plan, Lin, Simone, and Ko communicated through e-mail to plan

3  meetings and distribute materials to promote infringing products.  These efforts also

4  included the creation and operation of fraudulent and infringing websites.

5       27.      With the knowledge or constructive knowledge of Lin and Ko,

6  Simone registered the www.RenaSkin.com website through an intermediary or

7  using an assumed name, "Damon Rith," in an effort to hide his involvement in the

8  site.  The "WHO IS" look up reflects that "Damon Rith" is the registrant,

9  administrative contact, and technical contact for RenaSkin.com and that he

10  purportedly resides at "123 Reed Street" in Blue Bell, Pennsylvania 19422 – an

11  address that does not exist.  There is also apparently no known record of "Damon

12  Rith" in Pennsylvania.  Defendant Simone registered the RenaSkin.com domain

13  name using false contact information in an effort to hide his true identity.  On

14  August 14, 2012, defendant Simone purchased private, anonymous domain

15  registration services for Renaskin.com, using the e-mail address

16  renausa1@gmail.com.

17       28.      The RenaSkin.com website has been carefully crafted to cause

18  maximum confusion with plaintiff Rena's genuine products and plaintiff's

19  AmericanRena.com website.  Virtually every page of the site has the following

20  header:  *"Genuine American Rena Anti-Aging Activation Serum."*  The site

21  declares that "Rena Activation Energy contains innovative materials, processed

22  from natural minerals by an advanced purifying technology."  As shown below, the

23  site displays a photograph of Rena's founder, Kathryn Li, and its Chief Executive

24  Officer, Robert Milliken, with the caption, "Who performs research and

25  development[?]  Where does manufacturing take place?"

26

27

28

-8-



29.      The site copies substantially all the designs, graphics, photographs and text of the AmericanRena.com website.  The site declares, in the "Q&A" section, that "American RENA external use products … do not contain alcohol or preservatives" in response to the question, "I've heard that American RENA Activation Spray external spray products are very effective at restoring and preserving skin with pimples or have been damaged as a result of using cosmetics containing lead, mercury, or stimulants - is this true?"  Remarkably, the RenaSkin.com website even has a large reprint of Rena's stylized RENA BIOTECHNOLOGY trademark (shown below) and depictions of *Rena's* products and brochures.

-9-

FIRST AMENDED COMPLAINT



30.     The purported RenaSkin.com website copies extensively from Rena's AmericanRena.com website, even to the extent of reproducing a letter authored by Mr. Milliken.  The purported RenaSkin.com site includes such headings as "RENA-LIQUID FAR INFRARED = ALKALINE NEGATIVE ION" and "DESCRIPTION OF RENA LIQUID LIFE ACTIVATION ENERGY PRODUCTS," and contains descriptions of "American Rena Activation Serum," among numerous references to "American Rena," "American RENA," and "RENA."  It contains a *COMPARISON OF BOTOX VERSUS American RENA*," and depicts two pages copied from the American Rena brochure and website.  Still further, the stylized RENA BIOTECHNOLOGY trademark appears in conjunction with references to the purported RenaSkin.com website.

31.     Products ordered from RenaSkin.com were shipped from an address obtained and used by Simone with the non-existent address information of the

-10-

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 20 of 68   Page ID
#:4218
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 13 of 50   Page ID
#:3286

1   "Domain of Melchizedek."  The infringing products were packaged with the Sis-

2   Joyce logo and labeled "New! ARёna Activation Energy Serum."  Further, the

3   packaging used to ship the infringing products bore a stylized RENA mark and

4   included promotional brochures containing variations of plaintiffs' protected RENA

5   and RENA BIOTECHNOLOGY marks.

6        32.     Rena is further informed and believes that with the knowledge or

7   constructive knowledge of Lin and Ko, Simone registered the www.ArenaSkin.com

8   website using an assumed name, "Dave Simms," and the emails

9   renausa1@gmail.com and submitmystuff@yahoo.com.  The "WHO IS" information

10   provided to the registrar of the ArenaSkin.com domain name reflects that (i) the

11   registrant is "Dave Simms," (ii) the administrative contact is "Dave Ded," (iii) the

12   technical contact is "Dave Sed," (iv) Ded and Sed can be found at "123 Red Road"

13   in Blue Bell, Pennsylvania 19422; and (v) Simms can be found at "124 Red Road"

14   in Blue Bell, Pennsylvania 19422.  In fact, there is no "Red Road" in Blue Bell, nor

15   does there appear to be a "David Simms" in that city.  Thus, as to the

16   ArenaSkin.com website as well, the registrar was provided with false information to

17   hide the true names and capacities of the registrant, administrative contact, and

18   technical contact.

19        33.     The purported ArenaSkin.com site is very similar to the

20   RenaSkin.com site, and is equally infringing of Rena's rights.  For example, the

21   header at the top of each page has been modified to proclaim, "*Genuine American*

22   *aRena Anti-Aging Activation Serum*" - but is accompanied by the explanation that,

23   "**Rena is Now aRena!**"  The purported **"aRena"** products are described as having a

24   "**New Improved Formula**" in an effort to persuade consumers that Rena has

25   become "ARёna" when it has not.  It, too, copies without authorization a letter

26   authored by Rena's Chief Executive Officer, Robert Milliken, extolling the benefits

27   of genuine Rena products.  Further, it has extensively copied graphics and text from

28   Rena's website.

-11-

34.       Records reveal that defendant Simone controlled the payment accounts used to process orders from ArenaSkin.com and RenaSkin.com.  Simone used the alias "Rena Corp," login alias "AMERICANRENA," and the e-mail addresses renausa1@gmail.com; robmib@excite.com; and robsimonetalks@yahoo.com, all of which were designed to hide Simone's involvement with the websites.

35.       With the knowledge or constructive knowledge of Lin and Ko, Simone registered yet another website, www.American-Rena.com, using the alias "Robert Sim."  This website displayed "American Rena" on its homepage, advertised "ARena Activation Serum" as "American RENA Activation Serum Spray," and displayed the infringing .51 ounce ARëna bottle beside a paragraph stating that "Rena Activation Energy contains innovative materials, processed from natural minerals by an advanced purifying technology."

36.       In addition, many of the images, graphics, and scientific references found on Rena's website (www.AmericanRena.com) also appear on Sis-Joyce's website (www.SisJoyce.com), purportedly registered by a third party but beneficially owned by Lin.

**Defendant's Fraudulent Advertisements**

37.       Defendants have also taken measures to directly trade on the goodwill and popularity of Rena's products in advertisements for their own infringing products.  For example, Simone, with the knowledge or constructive knowledge of the other defendants, posted YouTube videos that *appear* to promote genuine RENA products – and display those products, and even Rena's place of business in Los Angeles – but then direct consumers to the bogus RenaSkin.com website that sells defendants' infringing goods.  Screen shots of the fraudulent videos posted on YouTube include the following:

-12-

Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 15 of 50   Page ID #:3288



38.     Still further, defendants provide fliers and brochures with their products that use many of the same photographs, images and designs as appear in Rena's promotional materials.  Indeed, the RenaSkin.com website itself displays *Rena's* promotional brochures in an effort to sell the infringing "ARëna" products, as shown:

FIRST AMENDED COMPLAINT



**Defendants' Infringing Trade Dress**

39.     Not satisfied with merely using and infringing upon Rena's trademarks and copyrights, have also sold their knock-off "ARëna Activation Energy Serum" product in a manner that infringes Rena's trade dress.  Rena sells its RENA Activation Energy Serum product in a distinctive, specially designed .51 fluid ounce bottle that is typically lavender in color.  The engineering drawings of Rena's distinctive .51 fluid ounce Activation Energy Serum bottle are reproduced below.

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 24 of 68   Page ID
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 17 of 50   Page ID
#:3290



40.     To further create the misperception that the ARёna product is a Rena product, defendants sell their "ARёna Activation Energy Serum" product in a bottle that is identical in size and shape to the distinctive bottle used by Rena; with a similar color; and with the infringing "ARёna" name and the same "Activation Energy Serum" description that appears on the genuine RENA product.  The visual similarity between Rena's Activation Energy Serum product and that sold by defendants is striking.  Reprinted immediately below is a photograph of Rena's Activation Energy Serum bottle, and defendants' Activation Energy Serum bottle.

FIRST AMENDED COMPLAINT

### Defendants' Infringing Mark

41.     Defendant Sis-Joyce obtained a registration of "Sis-Joyce" from the United States Patent and Trademark Office in International Class 3 on July 26, 2011 (identifying the registrant as defendant Lin).  Nevertheless, defendants have chosen to trade on and exploit the extremely valuable goodwill that Rena has developed in

-16-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 26 of 68   Page ID
#:4224
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 19 of 50   Page ID
#:3292

1   its RENA and RENA BIOTECHNOLOGY marks with the intent to arrogate that

2   goodwill to itself.  In furtherance of that objective, defendants have obtained a

3   federal registration of a NEW! ARËNA ACTIVATION ENERGY SERUM mark,

4   as shown below:

5

6

7

8

9

10      42.      Defendants have engaged in a coordinated effort to both directly

11   counterfeit genuine RENA products and also pass their products off as "new Rena"

12   products.  Defendants Sis-Joyce, its owner, Lin, and its distributors Simone and Ko

13   have aggressively marketed and sold purported "ARëna Activation Energy Serum"

14   products, often without making mention of Sis-Joyce and always in a manner

15   designed to cause confusion with genuine RENA products.

16      **Defendants' Interference With Rena's Business Relationships**

17      43.      Rena's sales numbers dramatically reveal the effect of Defendants'

18   unfair competition and fraudulent activities.  During calendar year 2009, Rena's

19   sales totaled just under $17 million.  During calendar year 2010, Rena's total sales

20   were approximately $30 million and Rena's revenues easily exceeded $1 million

21   during each month of the year.  In August 2011, Rena did approximately $2.2

22   million in business, but that was the last time it achieved seven-figure sales.  Since

23   then, its monthly sales have steadily declined, dropping to just $271,000 in June of

24   2012. Absent immediate relief, Rena, which less than one year ago had a very

25   successful and growing export business, will be out of business altogether.

26

27

28

-17-

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 27 of 68   Page ID
#:4225
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 20 of 50   Page ID
#:3293

## FIRST CLAIM FOR RELIEF

(Direct and Contributory Statutory Trademark Infringement by Rena and Kathryn Li

against all Defendants)

(15 U.S.C. § 1114)

44.     Plaintiffs Rena and Kathryn Li incorporate and re-allege paragraphs 1-43 of this Complaint.

45.     Kathryn Li owns, and Rena has the exclusive right to use, the federally registered RENA BIOTECHNOLOGY trademark in connection with Rena's products.  The RENA BIOTECHNOLOGY trademark is highly distinctive and fanciful, and has earned a strong secondary meaning within the organic, natural anti-aging products market.

46.     Defendants' use of their purported "ARёna," "aRena," and "aRENA" marks on directly competing products has infringed, and is infringing, the RENA BIOTECHNOLOGY trademark.

47.     Likewise, Defendants' sales of products using the RENA BIOTECHNOLOGY mark and uses of the RENA BIOTECHNOLOGY mark to promote sales of their "ARёna," "aRena," and "aRENA" products has infringed, and is infringing, the RENA BIOTECHNOLOGY trademark.

48.     Defendants' use of their infringing marks is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection or association of defendants and their products with those of Rena, and is likely to cause confusion, cause mistake, or deceive consumers as to the origin, sponsorship, or approval by Rena of defendants' products.  Such likelihood of confusion is magnified by defendants' intentional use of deceptively similar product packaging, deceptively similar websites, and deceptively similar domain names intended to cause confusion with Rena's products, as well as by frequent advertising references to "American Rena" intended to cause confusion with Rena's

-18-

Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 21 of 50   Page ID
#:3294

1 | www.AmericanRena.com website, and by infringements of Rena's product

2 | brochures, flyers, and website.

3 |      49.     Defendants' use of their infringing variations of the purported

4 | "ARëna" mark enables defendants to benefit unfairly from Rena's reputation and

5 | success, thus giving defendants' infringing products sales and commercial value

6 | they would not otherwise have.

7 |      50.     Prior to defendants' first use of their infringing marks, defendants

8 | were aware of Rena's business and, indeed, defendants Lin, Simone, and Ko had

9 | served as distributors of Rena's products. Further, defendants had actual notice and

10 | knowledge, or constructive notice, of plaintiffs' registered trademarks.

11 |      51.     Defendants Lin, Sis-Joyce, and Ko are also liable for contributory

12 | trademark infringement as suppliers of infringing goods to defendant Simone. Lin,

13 | Sis-Joyce, and Ko have supplied infringing "ARëna" products to defendant Simone

14 | even after they knew, or had reason to know, that defendant Simone was infringing

15 | plaintiffs' RENA BIOTECHNOLOGY mark, as described herein. Defendants Lin,

16 | Sis-Joyce, and Ko had knowledge or constructive knowledge of Simone's infringing

17 | actions based on their management and control over the distribution and promotion

18 | of the infringing "ARëna" products, as well as Simone's status as an active Sis-

19 | Joyce member. Simone's acts of infringement, as alleged herein, include but are not

20 | limited to: his operation of websites and posting of Youtube videos that have

21 | infringed, and are infringing, the RENA BIOTECHNOLOGY trademark; his use of

22 | the "ARëna," "aRena," and "aRENA" marks on directly competing products; and

23 | his sales of products using the RENA BIOTECHNOLOGY mark.

24 |      52.     Defendants' direct and contributory infringement of the registered

25 | trademark as described herein has been and continues to be intentional, willful and

26 | without regard to the rights of Rena and Kathryn Li.

27

28

-19-

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 29 of 68   Page ID
#:4227
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 22 of 50   Page ID
#:3295

1      53.     Rena and Kathryn Li are informed and believe, and on that basis

2   allege, that defendants have gained profits by virtue of their direct and contributory

3   infringement of the RENA BIOTECHNOLOGY trademark.

4      54.     Plaintiffs will suffer, and are suffering, irreparable harm from

5   defendants' direct and contributory infringement of their registered trademarks

6   insofar as their invaluable goodwill is being misappropriated by defendants'

7   continuing infringement.  Plaintiffs Rena and Kathryn Li have no adequate remedy

8   at law to compensate them for the loss of business reputation, customers, market

9   position, and goodwill and confusion of potential customers flowing from

10  defendants' infringing activities.  Pursuant to 15 U.S.C. § 1116, plaintiffs Rena and

11  Kathryn Li are entitled to preliminary and permanent injunctive relief against

12  defendants' continuing infringement of their registered trademark.  Unless enjoined,

13  defendants will continue their infringing conduct.

14     55.     Because defendants' actions have been committed with the intent to

15  damage Rena and Kathryn Li and to confuse and deceive the public, Rena and

16  Kathryn Li are entitled to recover defendants' profits, treble their actual damages, an

17  award of costs, and, this being an exceptional case, reasonable attorneys' fees

18  pursuant to 15 U.S.C. § 1117(a).

19                     **SECOND CLAIM FOR RELIEF**

20        (Direct and Contributory Common Law Trademark Infringement by Rena and

21                                Kathryn Li

22                          against all Defendants)

23     56.     Plaintiffs Rena and Kathryn Li incorporate and re-allege

24  paragraphs 1-55 of this Complaint.

25     57.     Beginning in 2006 and continuously thereafter, plaintiffs have made

26  commercial use of their RENA word and design marks in interstate commerce in

27  connection with the manufacture and sale of their skin care, health care, and anti-

28

-20-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 30 of 68   Page ID
#:4228
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 23 of 50   Page ID
#:3296

1    aging products as alleged herein, including their Activation Energy Serum,

2    Activation Mist, and Activation Energy Elixir products.

3        58.      Within the market for organic, natural, ingestible anti-aging skin-

4    care products, the RENA word and design marks have developed exceptionally

5    strong goodwill and an exceptionally strong secondary meeting as identifying

6    Rena's products and/or as coming from a single source.  For that reason, defendants

7    have falsely misrepresented to the trade and consuming public that they either

8    acquired Rena or bought formula of RENA product or somehow evolved from it.

9        59.      Prior to defendants' first use of their infringing marks, defendants

10    were aware of plaintiffs' business and had actual notice of plaintiffs' trademarks.

11        60.      Defendants' use of the purported "ARëna," "aRena," "aRENA," and

12    "NEW! ARËNA ACTIVATION ENERGY SERUM" marks, as well as their use of

13    the RENA mark itself, is likely to cause, and already has caused, confusion and

14    mistake, and is likely to, and has deceived Rena's sales representatives and the

15    consuming public as to the affiliation, connection, or association of defendants with

16    plaintiffs, or as to the origin, sponsorship, or approval by plaintiffs of defendants'

17    goods, services and commercial activities.

18        61.      Defendants Lin, Sis-Joyce, and Ko are also liable for contributory

19    common law trademark infringement as suppliers of infringing goods to Simone.

20    Lin, Sis-Joyce, and Ko have supplied infringing "ARëna" products to defendant

21    Simone even after they knew, or had reason to know, that defendant Simone was

22    infringing plaintiffs' RENA BIOTECHNOLOGY mark.  Defendants Lin, Sis-Joyce,

23    and Ko had knowledge or constructive knowledge of Simone's infringing actions

24    based on their management and control over the distribution and promotion of the

25    infringing "ARëna" products, as well as Simone's status as an active Sis-Joyce

26    member.  As alleged herein, Simone's use of the purported "ARëna," "aRena,"

27    "aRENA," and "NEW! ARËNA ACTIVATION ENERGY SERUM" marks, as well

28    as his use of the RENA mark itself, is likely to cause, and already has caused,

-21-

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 31 of 68   Page ID
#:4229
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 24 of 50   Page ID
#:3297

1   confusion and mistake, and is likely to, and has deceived Rena's sales

2   representatives and the consuming public as to the affiliation, connection, or

3   association of defendants with plaintiffs, or as to the origin, sponsorship, or approval

4   by plaintiffs of the infringing goods, services and commercial activities.

5         62.      Defendants' direct and contributory infringement of plaintiffs'

6   marks has enabled them to benefit unfairly from plaintiffs' reputation and success,

7   thereby giving defendants' business a market share and/or commercial value that

8   they would not otherwise enjoy.

9         63.      Defendants' direct and contributory infringement of plaintiffs'

10   trademarks as described herein has been and continues to be intentional, willful, and

11   without regard for plaintiffs' rights.  Plaintiffs have sustained damages as a direct

12   and proximate result of defendants' infringement of plaintiffs' trademarks as alleged

13   herein.

14         64.      Plaintiffs will suffer and are suffering irreparable harm from

15   defendants' direct and contributory infringement of the RENA mark insofar as

16   plaintiffs' invaluable good will and market share is being eroded by defendants'

17   continuing infringement.  Plaintiffs have no adequate remedy at law to compensate

18   them for the loss of business reputation, market share, sales representatives,

19   customers, good will, and confusion of potential customers flowing from

20   defendants' direct and contributory infringing activities.  Plaintiffs are entitled to a

21   preliminary and permanent injunction against defendants' continuing infringement

22   of plaintiffs' RENA trademark.  Unless enjoined, defendants will continue their

23   infringing conduct.

24                                 **THIRD CLAIM FOR RELIEF**

25               (Trademark Cancellation by Rena and Kathryn Li against Lin)

26                               (15 U.S.C. § 1064)

27         65.      Plaintiffs Rena and Kathryn Li incorporate and re-allege

28   paragraphs 1-64 of this Complaint.

-22-

1    66.    Kathryn Li is the owner, and Rena the exclusive licensee, of the

2  federally registered RENA BIOTECHNOLOGY trademark.  In addition, they are

3  the owner and licensee, respectively, of the RENA mark which, like RENA

4  BIOTECHNOLOGY, is highly distinctive and fanciful, and enjoys a strong

5  secondary meaning within the organic, natural anti-aging ingestible products

6  market.

7    67.    On July 26, 2011, defendant Lin obtained registration of a

8  purported, "NEW! ARËNA ACTIVATION ENERGY SERUM" mark (the

9  "Infringing Mark") pursuant to Certificate of Registration No. 4,002,069 as a word

10  and design mark for use with "body and beauty care cosmetics."

11    68.    The Infringing Mark is being used by defendants to misrepresent the

12  source of the goods defendants sell in connection with the use of that mark.

13    69.    Plaintiffs Rena and Kathryn Li are, accordingly, entitled to an order

14  directing that the Infringing Mark be, and hereby is, canceled.

15  **FOURTH CLAIM FOR RELIEF**

16  (Direct and Contributory Lanham Act Section 43(a) violation by Rena and Kathryn

17  Li against all Defendants)

18  (15 U.S.C. § 1125(a))

19    70.    Plaintiffs Rena and Kathryn Li incorporate and re-allege

20  paragraphs 1-69 of this Complaint.

21    71.    Defendants' misconduct as alleged herein is likely to cause, and is

22  causing, confusion between defendants' products and Rena's products in that

23  consumers are likely to, and do, confuse defendants' products as originating or

24  affiliated with Rena, including in that defendants have used and are using (i) the

25  purported ARëna, aRena, aRENA and NEW!  ARENA ACTIVATION ENERGY

26  SERUM marks; (ii) Rena's RENA and RENA BIOTECHNOLOGY marks;

27  (iii) references to the "new Rena"; (iv) photographs of Rena's owner and Chief

28  Executive Officer; (v) a letter authored by Rena's president; (vi) brochures, fliers

-23-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 33 of 68   Page ID
#:4231
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 26 of 50   Page ID
#:3299

1   and websites that heavily copy the look and feel, photographs, illustrations, and

2   textual material from Rena's brochures, fliers and website; (vii) virtually identical

3   product bottles copied from Rena; and (viii) websites that substantially copy the

4   content of Rena's official website.

5          72.    Defendants have deliberately adopted, imitated and mimicked the

6   trade dress and trademarks of plaintiff's products, packaging and advertising.

7   Defendants' actions have been, and are being, undertaken with the intent to deceive

8   consumers, cause confusion and mistake, and interfere with the ability of consumers

9   to identify the source of goods by trademark, appearance and packaging.  Through

10  their conduct, defendants unlawfully exploit the goodwill and reputation that

11  plaintiffs Rena and Kathryn Li have developed in their marks and business and

12  defendants are unlawfully deriving benefit therefrom.

13         73.    Defendants' acts alleged herein are without the consent of plaintiffs

14  Rena and Kathryn Li and constitute the use of terms, symbols, devices or

15  combinations thereof that are false or misleading within the meaning of 15 U.S.C.

16  § 1125 and are likely to cause confusion, or to cause mistake, or to deceive as to the

17  affiliation, connection, or association, or as to the origin, sponsorship, or approval,

18  of defendants' goods by Rena and/or Kathryn Li within the meaning of 15 U.S.C.

19  § 1125.  Defendants' actions discussed and alleged herein also constitute unfair

20  competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21  Plaintiffs have been, and are being, damaged by defendants' acts.

22         74.    Defendants' conduct has been intentional and willful, and is

23  specifically calculated to trade on the goodwill that plaintiffs Rena and Kathryn Li

24  have developed in their successful RENA BIOTECHNOLOGY products.  By the

25  aforesaid acts, including without limitation the deliberate use of Rena's unique and

26  distinctive bottle trade dress, repeated references to "Rena" products, and use of

27  written and photographic elements portraying Rena's owner and Chief Executive

28  Officer in connection with goods sold and distributed in interstate commerce,

-24-

1   defendants have infringed, and are likely to continue to infringe, plaintiffs' rights in

2   their RENA and RENA BIOTECHNOLOGY products.

3        75.    Defendants Lin, Sis-Joyce, and Ko are also liable for contributory

4   trademark infringement as suppliers of infringing goods to defendant Simone. Lin,

5   Sis-Joyce, and Ko have supplied infringing "ARëna" products to defendant Simone

6   even after they knew, or had reason to know, that defendant Simone was infringing

7   plaintiffs' trademarks and trade dress. Defendants Lin, Sis-Joyce, and Ko had

8   knowledge or constructive knowledge of Simone's infringing actions, as alleged

9   herein, based on their management and control over the distribution and promotion

10   of the infringing "ARëna" products, as well as Simone's status as an active Sis-

11   Joyce member.

12        76.    Lin, Sis-Joyce, and Ko acted intentionally and willfully in providing

13   products to Simone for use in his infringing acts. These acts included, without

14   limitation, the deliberate use of Rena's unique and distinctive bottle trade dress,

15   repeated references to "Rena" products, and use of written and photographic

16   elements portraying Rena's owner and Chief Executive Officer in connection with

17   goods sold and distributed in interstate commerce. Each such act infringed

18   plaintiffs' rights in their RENA and RENA BIOTECHNOLOGY products.

19        77.    Plaintiffs Rena and Kathryn Li have been damaged by, and

20   defendants have profited from, defendants' wrongful conduct in an amount to be

21   proven at trial.

22        78.    For each act of direct and contributory infringement, plaintiffs Rena

23   and Kathryn Li are entitled to recover their actual damages as well as defendants'

24   profits from such infringement.

25        79.    Plaintiffs are suffering and will suffer irreparable harm from

26   defendants' direct and contributory acts of false designation of origin or affiliation.

27   Plaintiffs also have been, and will continue to be, irreparably harmed and damaged

28   by defendants' conduct in that their invaluable goodwill is being eroded by

-25-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 35 of 68   Page ID
#:4283
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 28 of 50   Page ID
#:3301

1 | defendants' continuing acts of infringement.  Plaintiffs have no adequate remedy at

2 | law to compensate them for the loss of business reputation, customers, market

3 | position, goodwill, and confusion of potential customers flowing from defendants'

4 | unlawful activities.  Plaintiffs are therefore entitled to preliminary and permanent

5 | injunctive relief to stop defendants' continuing acts of false designation of origin or

6 | affiliation and continued infringement of the Activation Energy Serum bottle trade

7 | dress, product brochures, product fliers, website, and trademarks.

8 |     80.     Because defendants' actions have been committed with the intent to

9 | damage plaintiffs Rena and Kathryn Li and to confuse and deceive the public,

10 | plaintiffs are entitled to recover treble or actual damages, and award of costs, and,

11 | this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C.

12 | § 1117(a).

13 | **FIFTH CLAIM FOR RELIEF**

14 | (Copyright Infringement by Rena against all Defendants)

15 |     81.     Rena incorporates and re-alleges paragraphs 1-80 of this Complaint.

16 |     82.     Rena is the owner of valid copyrights in works that are fixed in

17 | tangible media of expression, including in its website.  These copyrights include,

18 | without limitation, those that are the subject of registration numbers TXu 1-815-587

19 | and TXu 1-815-464.

20 |     83.     Defendants Sis-Joyce, Lin, Simone, Ko, and DOES 3-10 have

21 | reproduced, created derivative works from and otherwise infringed upon Rena's

22 | exclusive rights in its protected works without Rena's authorization.  Defendants'

23 | acts violate Rena's exclusive rights under the Copyright Act, including without

24 | limitation Rena's exclusive rights to reproduce its copyrighted works and to create

25 | derivative works from its copyrighted works, as set forth in 17 U.S.C. §§ 106 and

26 | 501.

27 |     84.     Defendants' infringement (and substantial contributions to the

28 | infringement) of Rena's copyrighted works is and has been knowingly made without

-26-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 36 of 68   Page ID
#:4234
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 29 of 50   Page ID
#:3302

1  Rena's consent and for commercial purposes and the direct financial benefit of

2  defendants.  On information and belief, defendants also have deliberately failed to

3  exercise their right and ability to supervise the infringing activities of others within

4  their control to refrain from infringing Rena's copyrighted works and have failed to

5  do so in order to deliberately further their significant financial interest in the

6  infringement of Rena's copyrighted works.  Accordingly, defendants have engaged

7  in direct, contributory and vicarious infringement of Rena's copyrighted works.

8         85.     Defendants' infringement of Rena's copyrighted works has been

9  willful and intentional, engaged in with no regard for Rena's lawful rights.

10        86.     By virtue of defendants' infringing acts, Rena is entitled to recover

11  its actual damages plus defendants' profits, its costs of suit and attorneys' fees,

12  statutory damages, punitive damages, and all other relief permitted under the

13  Copyright Act.

14        87.     Defendants' actions have caused and will continue to cause

15  irreparable damage to Rena, for which Rena has no remedy at law.  Unless

16  defendants are restrained from continuing their infringement of Rena's copyrights,

17  these injuries will continue to occur in the future.  Accordingly, Rena is entitled to

18  preliminary and permanent injunctive relief restraining defendants from further

19  infringement.

20                    **SIXTH CLAIM FOR RELIEF**

21     (Anticybersquatting Consumer Protection Act Violation by Rena and Kathryn Li

22                       against all Defendants)

23                       (15 U.S.C. § 1125(d))

24        88.     Rena and Kathryn Li incorporate and re-allege paragraphs 1-87 of

25  this Complaint.

26        89.     Kathryn Li's and Rena's RENA and RENA BIOTECHNOLOGY

27  marks were distinctive when Defendants registered their www.RenaSkin.com  and

28  www.ArenaSkin.com  domain names (the "Cyberpirated Domain Names").

-27-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 37 of 68   Page ID
#:4235
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 30 of 50   Page ID
#:3303

90.     The Cyberpirated Domain Names are confusingly similar to Rena's
and Kathryn Li's RENA and RENA BIOTECHNOLOGY trademarks used for
skincare products.

91.     Defendants registered their domain names in a bad faith attempt to
profit from the RENA and RENA BIOTECHNOLOGY marks, as evidenced by
(i) defendants' deliberate attempt to create confusion with Rena's products through
defendants' deliberate references to "American Rena" calculated to cause confusion
among Internet users familiar with Rena's www.AmericanRena.com website;
(ii) the fact that defendants' domain names do not consist of defendants' legal
names or names by which they are otherwise commonly identified; (iii) defendants'
lack of any prior use of their domain names in connection with a bona fide offering
of any goods or services; (iv) defendants' lack of any bona fide noncommercial or
fair use of the RENA or RENA BIOTECHNOLOGY marks in a site accessible
under their domain names; (v) defendants' intent to divert consumers from Rena's
online location to sites accessible under their domain names that can harm, and are
harming, the goodwill represented by the RENA and RENA BIOTECHNOLOGY
marks for commercial gain by creating a likelihood of confusion as to the source,
sponsorship, affiliation, or endorsement of defendants' sites; and (vi) defendants'
provision of material and misleading false contact information when applying to
register their domain names and their intentional failure to maintain accurate contact
information.

92.     Defendants had and have no reasonable grounds to believe that their
uses of the Cyberpirated Domain Names are fair uses or otherwise lawful.

93.     Rena and Kathryn Li are therefore entitled to the entry of an order
of forfeiture or cancellation of the Cyberpirated Domain Names or requiring the
transfer of the domain names to Kathryn Li.

94.     Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117,
plaintiffs Rena and Kathryn Li are entitled to an award of statutory damages of

-28-

FIRST AMENDED COMPLAINT

1   $100,000 against Lin, Simone, or Ko, or, in the alternative, to recover defendants'

2   profits, all damages sustained by Rena and Kathryn Li, and costs of the action and,

3   this being an exceptional case, reasonable attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**

(Trade Secret Misappropriation by Rena against all Defendants)

6         95.      Rena incorporates and re-alleges Paragraphs 1-94 of this Complaint.

7         96.      Prior to defendants' unlawful acts complained of herein, Rena had a

8   multi-tiered sales organization comprising nearly 100,000 independent sales agents

9   worldwide.  The structure of Rena's sales force can be roughly analogized to that of

10  an army in which a large number of privates report to a somewhat smaller number

11  of sergeants who report to a somewhat smaller number of lieutenants who report to a

12  somewhat smaller number of captains who report to fewer colonels who, in turn,

13  report to still fewer generals.  In such a structure, higher ranking officers exercise

14  control, either directly or indirectly, of more persons than are controlled by lower

15  ranking officers.  Similarly, in a multi-tiered sales force, persons in the higher tiers

16  have control of more sales personnel than persons in lower tiers enjoy.

17        97.      For this reason, the identities and locations of Rena's sales

18  representatives within its multi-level sales structure is a closely-guarded trade secret.

19  The identities of the persons in the upper levels of Rena's sales structure and

20  knowledge of the identities of the sales persons subordinate to each of them would

21  obviously be extremely valuable to any person or entity seeking to compete in the

22  marketplace with Rena.  For that reason, Rena has always exercised reasonable

23  efforts to protect the secrecy of the identities of the persons in its sales structure and,

24  until recently, that information had never been known or available to any competitor

25  of Rena or to any person or entity that could derive financial benefit from its

26  disclosure or use.

27        98.      As persons who enjoyed positions of trust and confidence within

28  Rena's sales force, defendants Lin, Simone, and Ko understood that such

-29-

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 39 of 68   Page ID
#:4237
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 32 of 50   Page ID
#:3305

1  information was highly confidential and trade secret and was disclosed to them

2  under circumstances giving rise to a duty to maintain the secrecy, and limit the use,

3  of such information.

4        99.      In derogation of their obligation to maintain the secrecy of Rena's

5  100,000-person sales organization, Lin, Simone, and Ko have, instead, used and are

6  using such information for the benefit of Sis-Joyce and have now poached a very

7  substantial portion of Rena's sales force.  Accordingly, Rena is entitled to the entry

8  of an injunction prohibiting further use of its trade secrets; a preliminary and

9  permanent injunction prohibiting Sis-Joyce, Lin, Simone, and Ko from continuing to

10  benefit from their misappropriation of Rena's trade secrets; an award of Rena's

11  actual loss caused by the misappropriation; an award of defendants' unjust

12  enrichment caused by the misappropriation and not taken into account in computing

13  the damages for actual loss; an award of exemplary damages based on defendants'

14  willful and malicious misappropriation of Rena's trade secrets; and an award of

15  reasonable attorneys' fees and costs.

16  **EIGHTH CLAIM FOR RELIEF**

17  (Interference with Prospective Economic Advantage by Rena

18  against all Defendants)

19        100.     Rena incorporates and re-alleges Paragraphs 1-97 of this Complaint.

20        101.     Rena's economic relationships with its 100,000-member sales force

21  provided prospective economic benefits for Rena.

22        102.     Defendants knew and should have known of Rena's economic

23  relationships with its sales representatives and that those economic relationships

24  provided prospective economic benefits for Rena.

25        103.     Defendants committed intentional acts that were designed, and

26  which they knew and should have known were substantially likely, to result in a

27  disruption of Rena's business and to impose a burden upon Rena's economic

28  relationships with it sales representatives.  Those actions were independently

-30-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 40 of 68   Page ID
#:4238
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 33 of 50   Page ID
#:3306

1   wrongful and included, without limitation, the use of false representations that Rena

2   had been acquired by Sis-Joyce and/or "ARëna;" false representations that Rena had

3   become "ARëna;" and the use of Rena's highly confidential and trade secret

4   information concerning the identities and levels of the persons in its 100,000-person,

5   multi-level sales force.

6       104.    But for the conduct of defendants, Rena's economic relationships

7   with its sales force would have resulted in economic benefits to Rena.

8       105.    As a result of the aforementioned conduct, Rena suffered damages

9   in an amount to be proved at trial, but which include the loss of customers, sales

10   representatives, sales, good will, and valuable proprietary and trade secret

11   information.  Moreover, Defendants' misconduct will continue unabated barring

12   relief, and Rena is therefore entitled to preliminary and permanent injunctive relief

13   to prevent further such misconduct.

14       106.    The aforementioned conduct was despicable, wanton, oppressive,

15   malicious, duplicitous, and performed with willful and conscious disregard of

16   Rena's rights and with the intent to deprive Rena of those rights.  Accordingly, Rena

17   is entitled to an award of punitive and exemplary damages.

## NINTH CLAIM FOR RELIEF

(Trade Libel by Rena against all Defendants)

20       107.    Plaintiff Rena incorporates and re-alleges Paragraphs 1-106 of this

21   Complaint.

22       108.    Defendants have each individually and in combination made

23   statements concerning Rena's ownership, existence, corporate name, trademarks,

24   products and customers that were false, inaccurate, misleading, deceptive and

25   untrue.

26       109.    Defendants knew that such statements were false, inaccurate,

27   misleading, deceptive and untrue and knew and acted with reckless disregard of the

28   truth of those statements, both at the times the statements were made and thereafter.

-31-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 41 of 68   Page ID
#:4239
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 34 of 50   Page ID
#:3307

110.     As a direct and proximate result of such statements, Rena's customers, sales representatives, and accounts had been induced to cease, reduce, or diminish their business relationships, dealings, and orders placed with Rena.

111.     As a result of the aforementioned conduct, Rena has suffered damages in an amount which has not yet been ascertained but which includes the loss of Rena's customers, sales representatives, sales, and good will.

112.     The aforementioned conduct was despicable, wanton, oppressive, malicious, duplicitous, and performed with willful and conscious disregard of Rena's rights and with the intent to deprive Rena of its rights.  Accordingly, Rena is entitled to an award of punitive and exemplary damages.

### TENTH CLAIM FOR RELIEF

(False Light Invasion of Privacy by Kathryn Li and Robert Milliken
against all Defendants)

113.     Plaintiffs Kathryn Li and Robert Milliken incorporate and re-allege paragraphs 1-112 of this Complaint.

114.     Defendants' use of photographs of plaintiffs Kathryn Li and Robert Milliken, as well as the use of the letter signed by Mr. Milliken, on websites advertising and promoting defendants' purported "ARëna" products constitutes a calculated falsehood intended to deceive persons viewing the websites into believing that plaintiffs have somehow sponsored, endorsed, produced, or approved defendants' products.

115.     In appropriating plaintiffs' likenesses, correspondence, and names, defendants have acted with actual malice in falsely portraying plaintiffs as having created or approved defendants' products when, in fact, the opposite is true. Defendants' misappropriation of plaintiffs' images, names, and letter was done maliciously as part of a calculated scheme to misappropriate plaintiffs' business by confusing and misleading plaintiffs' sales leaders, sales representatives, customers, and consumers of natural, organic topical and ingestible skin care products.

-32-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 42 of 68   Page ID
#:4240
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 35 of 50   Page ID
#:3308

116.     The above invasion of plaintiffs' privacy was wrongful and has
caused both humiliation and financial harm to plaintiffs.

117.     The acts alleged above were performed without plaintiffs' consent
and resulted in damage to plaintiffs in an amount to be proved at trial.  Plaintiffs are
also entitled to profits attributable to defendants' unauthorized use of their
likenesses, names and letter.

118.     Upon information and belief, defendants have engaged in the
conduct alleged above with oppression, fraud and malice.  Accordingly, plaintiffs
are entitled to an award of punitive and exemplary damages in an amount to be
proved at trial.

## ELEVENTH CLAIM FOR RELIEF

(Violation of Right of Publicity by Kathryn Li and Robert Milliken

against all Defendants)

(*California Civil Code* § 3344 and the Common Law)

119.     Plaintiffs Kathryn Li and Robert Milliken incorporate and re-allege
paragraphs 1-118 of this Complaint.

120.     Through their talent and hard work developing natural, organic
topical and ingestible skin care products, plaintiffs Kathryn Li and Robert Milliken
have developed and earned considerable good will and commercial value in their
names, images, and likenesses among persons selling, distributing and purchasing
natural, organic topical and ingestible skin care products.  Their likenesses convey a
sense of integrity and scientific accomplishment.

121.     Plaintiffs never agreed to allow the use of their names or likenesses
in connection with the marketing, advertising, distribution or sale of defendants'
products.

122.     By using plaintiffs' names and likenesses in conjunction with the
advertising of their products, defendants have knowingly misappropriated plaintiffs'
names and likenesses for commercial gain.

-33-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 43 of 68   Page ID
#:4241
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 36 of 50   Page ID
#:3309

123.     The acts alleged above constitute a violation of *California Civil Code* § 3344 and plaintiffs' common law right of publicity.

124.     As a direct and proximate result of defendants' acts alleged above, plaintiffs have been damaged in an amount to be proved at trial.  Plaintiffs are also entitled to all profits attributable to defendants' unauthorized use of their names and likenesses.

125.     Pursuant to *California Civil Code* § 3344(a), plaintiffs are also entitled to recover reasonable attorneys' fees.

126.     Upon information and belief, defendants have engaged in the conduct alleged above with oppression, fraud and malice.  Accordingly, plaintiffs are entitled to an award of punitive and exemplary damages in an amount to be proved at trial.

## TWELFTH CLAIM FOR RELIEF

(California Statutory Unfair Competition by Rena against all Defendants)

127.     Plaintiff Rena incorporates and re-alleges paragraphs 1-126 of this Complaint.

128.     Defendants' acts described above constitute fraudulent and unlawful business practices as defined by *California Business & Profession Code* § 17200 et seq.

129.     Plaintiffs have valuable and protectable rights in their RENA and RENA BIOTECHNOLOGY word and design marks.  Those marks are inherently distinctive, and, through plaintiffs' use, have come to be associated in the market solely with Rena, which is well known as the source of the products on which they are used.

130.     Defendants' sale of their infringing products is likely to cause confusion as to the source of their Activation Energy Serum, and other products, and is likely to cause consumers and sales representatives to be confused or mistaken

-34-

1 into believing that there is a relationship between defendants and Rena, or that

2 defendants' products are affiliated with or sponsored by Rena.

3    131.  Defendants' use of deceptively similar Internet domain names for

4 sites that are copied heavily from and derivative of Rena's official website is likely

5 to cause others to be confused or mistaken into believing that there is a relationship

6 between defendants and Rena, or that defendants' products are affiliated with, or

7 sponsored by, Rena.  The fraudulent business practices of Defendants, including

8 their cybersquatting of domain names, infringement of Rena's copyrighted

9 materials, theft and use of Rena's trade secret information, and intentional

10 interference with Rena's prospective economic advantage further constitute unfair

11 competition and fraudulent business practices.

12    132.  As a direct and proximate result of defendants' wrongful conduct,

13 Rena and Kathryn Li have been injured in fact, and have lost money and profits, and

14 such harm will continue unless defendants' acts are enjoined by the Court.  Rena

15 and Kathryn Li have no adequate remedy at law for defendants' continuing violation

16 of their rights.

17    133.  Defendants should be required to restore to Rena and Kathryn Li

18 any and all profits earned as a result of their unlawful and fraudulent actions, or

19 provide Rena and Kathryn Li with any other restitution or relief as the Court deems

20 appropriate.

21          **THIRTEENTH CLAIM FOR RELIEF**

22   (California Common Law Unfair Competition by Rena against all Defendants)

23    134.  Plaintiff Rena incorporates and re-alleges paragraphs 1-133 of this

24 Complaint.

25    135.  Plaintiff's genuine RENA products have acquired a secondary

26 meaning among leaders, sales representatives, and consumers in the natural, organic

27 topical and ingestible skin care products market as associated with, and emanating

28 from, Rena.

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 45 of 68   Page ID
#:4243
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 38 of 50   Page ID
#:3311

1      136.     Defendants, through the marketing of their directly competing

2 products, have unfairly imitated the name and appearance of Rena's products and, in

3 doing so, have competed unfairly with Rena.

4      137.     Rena is, therefore, entitled to an award of its actual damages and,

5 because defendants acted with oppression, fraud, and malice, Rena is further entitled

6 to an award of punitive and exemplary damages in an amount to be proved at trial.

7 **FOURTEENTH CLAIM FOR RELIEF**

8 (Violation of the Racketeer Influenced and Corrupt Organizations Act

9 by Rena against all Defendants)

10 (18 U.S.C. §§ 1962(c) and 1964(c))

11      138.     Plaintiff Rena incorporates and re-alleges paragraphs 1-137 of this

12 Complaint.

13      139.     Beginning from approximately 2008 through the filing of this

14 Complaint, and continuing into the future, in the Central District of California and

15 elsewhere, Defendants Lin, Simone, Ko, and Does 3-10 have, directly and

16 indirectly, knowingly participated in the conduct of, and operated and managed, Sis-

17 Joyce, an enterprise by which they are employed or associated and whose conduct

18 and activities affect interstate or foreign commerce (the "Criminal Enterprise"),

19 through a pattern of racketeering activity, and in so doing injured Rena in its

20 business and property.   Defendants' actions include multiple, related acts in

21 violation of: 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18

22 U.S.C. § 2319(a) and 17 U.S.C. § 506(a) (criminal copyright infringement), 18

23 U.S.C. § 2320 (trafficking in counterfeit goods).

24      140.     The predicate acts alleged herein occurred after the effective date of

25 18 U.S.C. §§ 1961 et seq., and the last such act occurred within 10 years after the

26 commission of a prior act of racketeering activity.   These racketeering activities

27 include repeated acts of:

28

-36-

1        (a)     Criminal Copyright Infringement.  Defendants Lin,

2   Simone, Ko, and Does 3-10 willfully infringed and continue to willfully infringe

3   Rena's copyrights, including without limitation with respect to copyrighted material

4   on the AmericanRena.com website, for purposes of commercial advantage and

5   private financial gain, all in violation of 18 U.S.C. § 2319(a) and 17 U.S.C. §

6   506(a)(1)(a), (c), as alleged with greater particularity in the foregoing paragraphs.

7        (b)     Trafficking in Counterfeit Goods.  Defendants Lin,

8   Simone, Ko, and Does 3-10 intentionally trafficked and continue to intentionally

9   traffic in goods while knowingly using a counterfeit mark on and in connection with

10  such goods, and attempted and conspired to do so, including by selling non-genuine

11  products bearing the RENA and RENA BIOTECHNOLOGY marks and by using

12  the RENA and RENA BIOTECHNOLOGY marks, including on packaging, to sell

13  goods bearing the "ARena" label in a manner likely to deceive and cause mistake

14  and confusion, all in violation of 18 U.S.C. § 2320(a)(1, 2), as alleged with greater

15  particularity in the foregoing paragraphs.

16       (c)     Mail and Wire Fraud.  The Criminal Enterprise was and is

17  engaged in a scheme to defraud involving the conduct set forth herein, including by

18  willfully infringing Rena's intellectual property rights, counterfeiting Rena's goods,

19  misleading consumers and making false and fraudulent statements to Rena

20  members, including on the Internet, all in an effort to unlawfully hijack Rena's

21  business, property and rights.  Defendants Lin, Simone, Ko, and Does 3-10, having

22  devised such a scheme to defraud, did for the purpose of furthering and executing

23  this scheme transmit and cause to be transmitted by means of wire communications

24  in interstate or foreign commerce, writing, signs, signals, pictures and sound, and

25  deposit or cause to be deposited matters or things to be sent or delivered by mail and

26  by commercial interstate carriers, and take or receive matters or things therefrom, in

27  violation of 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18 U.S.C. § 1346, and 18 U.S.C.

28  § 2, including without limitation by transmitting documents in furtherance of the

-37-

Case 2:12-cv-06972-FMO-JEM    Document 133-1    Filed 06/06/13    Page 47 of 68    Page ID
#:4245
Case 2:12-cv-06972-FMO-JEM    Document 108    Filed 03/27/13    Page 40 of 50    Page ID
#:3313

1   fraudulent scheme including the email messages attached hereto as Exhibit A, by

2   providing false information when registering the fraudulent and infringing

3   renaskin.com website, by causing the publication on the Internet of the fraudulent

4   and infringing renaskin.com and arenaskin.com websites that among other things

5   make counterfeit use of the RENA and RENA BIOTECHNOLOGY marks, by

6   willfully infringing Rena's copyrights and falsely purporting to advertise and sell

7   "Genuine American Rena" products, and by causing the publication on YouTube of

8   fraudulent and infringing videos, uploaded under the name "tvstripe1" on or about

9   June 2, 2010 and August 25, 2011, that among other things make counterfeit use of

10  the RENA and RENA BIOTECHNOLOGY marks and products and purport to

11  advertise and sell genuine American Rena products, but direct consumers to the

12  fraudulent and infringing renaskin.com website.

13       141.    Rena has been injured in its business or property as a direct and

14  proximate result of Defendants' violations of 18 U.S.C. § 1962(c), including injury

15  by reason of the predicate acts constituting the pattern of racketeering activity, as

16  alleged with greater particularity in the foregoing paragraphs.

17       142.    As a result of Defendants' violations of 18 U.S.C. § 1962(c), Rena

18  has suffered substantial damages, in an amount to be proved at trial. Pursuant to 18

19  U.S.C. § 1964(c), Rena is entitled to recover treble its general and special

20  compensatory damages, plus interest, costs and attorneys fees, incurred by reason of

21  Defendants' violations of 18 U.S.C. § 1962(c).

22                    **FIFTEENTH CLAIM FOR RELIEF**

23      (Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act

24                 by Rena against all Defendants)

25               (18 U.S.C. §§ 1962(d) and 1964(c))

26       143.    Plaintiff Rena incorporates and re-alleges paragraphs 1-142 of this

27  Complaint.

28

FIRST AMENDED COMPLAINT

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 48 of 68   Page ID
#:4246
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 41 of 50   Page ID
#:3314

1      144.     Beginning from approximately 2008 through the filing of this

2 Complaint, and continuing into the future, in the Central District of California and

3 elsewhere, Defendants Lin, Simone, Ko, and Does 3-10 and others acting in concert

4 with or on behalf of them, knowingly, willfully, and unlawfully, did conspire,

5 combine, confederate and agree together to violate 18 U.S.C. § 1962(d) by

6 furthering, promoting, and facilitating the Criminal Enterprise as detailed above, in

7 violation of  18 U.S.C. § 1962(c).

8      145.     In furtherance of this unlawful conspiracy and its multiple objects,

9 as alleged herein, Defendants Lin, Simone, Ko, and various co-conspirators

10 committed numerous overt acts, including but not limited to those set forth above.

11      146.     Rena has been injured in its business or property as a direct and

12 proximate result of  Defendants' violations of 18 U.S.C. § 1962(d), including injury

13 by reason of the predicate acts constituting the pattern of racketeering activity.  As a

14 result of the conspiracy between and among Defendants to violate 18 U.S.C.

15 § 1962(c), Rena has suffered substantial damages, in an amount to be proved at trial.

16 Pursuant to 18 U.S.C. § 1964(c), Rena is entitled to recover treble its general and

17 special compensatory damages, plus interest, costs and attorneys fees, incurred by

18 reason of Counter-defendants' violations of 18 U.S.C. § 1962(d).

19                           **SIXTEENTH CLAIM FOR RELIEF**

20                 (Unjust Enrichment by Rena against all Defendants)

21      147.     Plaintiff Rena incorporates and re-alleges paragraphs 1-146 of this

22 Complaint.

23      148.     As a direct and proximate result of the misconduct set forth above,

24 defendants have been unjustly enriched, to Rena's detriment.  Rena seeks a

25 worldwide accounting and disgorgement of all ill-gotten gains and profits resulting

26 from defendants' inequitable activities.

27

28

FIRST AMENDED COMPLAINT

**PRAYER FOR RELIEF**

1          WHEREFORE, plaintiffs American Rena International Corp., WanZhu,

2 "Kathryn" Li and Robert M. Milliken demand judgment:

3          1.       That defendants, their agents, servants and employees, and all

4 persons acting in concert with them, be preliminarily and permanently enjoined

5 from engaging in the unlawful conduct set forth herein, including in that they be

6 enjoined from, directly or indirectly infringing plaintiff Rena's RENA and RENA

7 BIOTECHNOLOGY trademarks; making any commercial use or use in commerce

8 of or references to the RENA or RENA BIOTECHNOLOGY marks; making any

9 commercial use or use in commerce of or references to the "ARĕna," "aRena,"

10 "aRENA," or "NEW! ARĔNA ACTIVATION ENERGY SERUM" marks; making

11 any commercial use or use in commerce of or references to "New Rena" or "Rena;"

12 making any commercial use or use in commerce of or references to photographs or

13 images of plaintiffs Li and/or Milliken; making any commercial use or use in

14 commerce of or references to any of Rena's copyrighted materials, including those

15 materials that appear on the AmericanRena.com website; making any commercial

16 use or use in commerce of or references to any brochures, fliers, or websites that

17 misappropriate the content or use any photographs, illustrations, or textual material,

18 or that copy the look and feel, of Rena's brochures, fliers and website; making any

19 commercial use or use in commerce of or references to product bottles or containers

20 that are confusingly similar to product bottles or containers used by Rena, or any

21 trade dress employed by Rena; and from otherwise engaging in unfair competition

22 with Rena or interfering improperly with any prospective economic advantage

23 enjoyed by Rena, including by providing misleading or false information to Rena

24 customers.

25          2.       An order directing the United States Patent and Trademark Office to

26 cancel the purported "NEW! RĔNA ACTIVATION ENERGY SERUM" mark

27 registered pursuant to Certificate of Registration No. 4,002,069.

-40-

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 50 of 68   Page ID
#:4248
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 43 of 50   Page ID
#:3316

1      3.      An order directed to Network Solutions. Inc., directing that

2   ownership of the www.Renaskin.com and www.Arenaskin.com domain names be

3   transferred to Li.

4      4.      That plaintiffs Li and Milliken be awarded damages for the false-

5   light invasions of their privacy and violations of their rights of publicity.

6      5.      That Rena recover its actual damages and lost profits, and that it be

7   awarded an amount equal to defendants' unjust enrichment to the extent that such

8   unjust enrichment is not reflected in the award of damages, and that a constructive

9   trust in favor of Rena be imposed over defendants' ill-gotten gains and profits.

10      6.      That defendants be ordered to pay punitive and exemplary damages

11   in a sum sufficient to punish and make an example of them, and deter them and

12   others from similar wrongdoing.

13      7.      That defendants be ordered to pay double damages due to their

14   willful and malicious misappropriation of Rena's trade secrets.

15      8.      That defendants be ordered to pay trebled general and special

16   damages, together with interest thereon, costs and attorneys' fees, incurred by

17   reason of their violations of 18 U.S.C. §§ 1962(c) - (d).

18      9.      That defendants pay to plaintiffs the full cost of this action and

19   plaintiffs' attorneys' fees and investigator's fees.

20      10.      That plaintiffs have such other and further relief as the Court may

21   deem just and proper.

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

DATED: March 26,  2013

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Bruce E. Van Dalsem
David W. Quinto
B. Dylan Proctor


By _____
Bruce E. Van Dalsem
David W. Quinto
B. Dylan Proctor
Attorneys for American Rena International
Corp., WanZhu "Kathryn" Li, and Robert
M. Milliken

-42-

IT

----- Forwarded Message -----
**From:** Virginia wu <virginiachu7@yahoo.com>
**To:** virginiachu7@yahoo.com
**Sent:** Sunday, February 13, 2011 12:51 AM
**Subject:** New Rena Company is lunched

**Dear Arena gold members,**

**Bank: CHASE BANK**

**SWift code: CHASUS33**
**Account: 946067170**
**Company: Sis-Joyce International Co.LTD**

**New Rena product has arrived. The product name called Arena. Company will open on the end of the February. Member can reorder the product now.**
Please deposit the premium of US$1527.39 (**No Tax - Promotion**) to the above Bank account, and email to me virginiachu7@yahoo.com for indicating the member's old ID#, Name, Tel#, Address. Company will ship the order to your address. Package including 10 bottles of concentrate and 2 empty bottles. The member in out of state will receive 11 bottles of concentrate.
I will provide all the member's order record to the Company. When the Company computer system are ready around begining of the March, All member's commission will be paid.
So, please grab this chance, I believe we can do better, bigger and
easier at this time. Any questions please call me or email me. Thank you. 626-329-3991

在加州的會員訂貨須知：

10瓶50倍的濃縮液，沒有外面的紙合包裝，加上二瓶30ml的能量空瓶.
外面的紙合包裝以後會補發給会員.
目前促銷中，含稅只須付 US$ 1,527.39元. 請直接存入上面的Account. 存完後請 E-mail給virginiachu7@yahoo.com 請告知您在舊的ID號碼#，姓名, 电話, 及郵寄地址.
公司馬上會把貨郵寄到您要的地址，必須要有人簽收.

外州及其它國家的會員訂貨須知：

11瓶50倍的濃縮液，沒有外面的紙合包裝，加上二瓶30ml的能量空瓶.

**EXHIBIT A**    40



外面的紙合包裝以後會補發給会員.

目前促銷中. 只須付 US$ 1,527.39元.( 就多了一瓶) 請直接存入上面的Account.

存完後請 E-mail給 virginiachu7@yahoo.com 請告知您在的舊ID號碼 #,

姓名,電話,及郵寄地址. 公司馬上會把貨郵寄到您要的地址, 必須要有人簽收.


讓我集合在一起報備給公司,待电腦系統都完成後, 公司馬上會把獎金撥下來.


**Best regard,**
**Virginia Wu**
**626-329-3991**

**EXHIBIT** B

2

41

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 54 of 68   Page ID
#:4252
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 47 of 50   Page ID
Case 2:12-cv-06972-DMC-JEM   Document 32   Filed 08/13/12   Page 44 of 51   Page ID #:57

**IT**

----- Forwarded Message -----
**From:** virginia wu <virginiachu7@yahoo.com>
**To:** Margaux Cheng <regency898@yahoo.com.tw>; ROB SIMONE <robsimonetalks@yahoo.com>; Lisa Canada <lisa___ma@yahoo.com>
**Cc:** Kavina Chang <globalfreestore@yahoo.com>; Simon Ma Rena <simonma7@yahoo.com>
**Sent:** Wednesday, March 16, 2011 11:42 AM
**Subject:** Arena needs your information

Dear all,

It is good to hear that Arena ( 2nd generation of Rena) is finally open for our members. Now all we need to do is go to the back office key in your personal information. Later we will notify you how to activate your account for the member who has ordered product.

Go to sisjoyce.com

go to office => member log in ( please add 6 before your member ID and password )
go to Manage my account => Personal information (Rember ID# is your Social Security #)

Please call me if you have any questions.

Have a good day
Virginia

# EXHIBIT A

42

1

Case 2:12-cv-06972-FMO-JEM   Document 133-1   Filed 06/06/13   Page 55 of 68   Page ID #:4253
Case 2:12-cv-06972-FMO-JEM   Document 108   Filed 03/27/13   Page 48 of 50   Page ID
Case 2:12-cv-06972-DMG-JEM   Document 32   Filed 08/13/12   Page 45 of 51   Page ID #:58

IT

----- Forwarded Message -----
**From:** virginia wu <virginiachu7@yahoo.com>
**To:** ROB SIMONE <robsimonetalks@yahoo.com>; Lisa Canada <lisa__ma@yahoo.com>; Jane Wang Rena <tojxw@yahoo.com>; Kavina Chang <globalfreestore@yahoo.com>; Tina Rena <tinalee4rena@yahoo.com>; Vanessa Canada <vanessawong_ca@yahoo.ca>; Wendy Li Rena <syli233@hotmail.com>; Margaux Cheng <regency898@yahoo.com.tw>
**Sent:** Monday, February 21, 2011 12:54 AM
**Subject:** Fw: Re : Very Exciting Update News !

## Dear All Members :

## The Top Leader, Annie Lin
She has very exciting news for everyone!
On the Feb-26-11   Pm 3:00-6:00
        Feb-27-11   Pm 1:00-5:00

**All members that attend will receive complementary gifts and also be eligible for a raffle for the patented micro-molecular Activation energy bottle.**
**Special thanks to Alice Hsu for providing us with the meeting location!**

感謝我們的大 Leader Annie Lin 將專程給我們帶來令人興奮的好消息.
會議的時間如下.
        2月26日Pm 3:00-6:00
        2月27日Pm 1:00-5:00
我們有抽獎活動, 獎品非常豐富, 達到千元以上.
其中包括有專利的能量瓶.

**EXHIBIT A**
1

43

所有來的會員將都會有禮物贈送.

我們特別在此感謝Alice Hsu她提供我們会議場所.
**Address Located:** 聖約翰美容學院

**9526  Las Tunas  Dr**
**Temple City CA 91780**

On Las Tunas between Temple city & Rosemead .
It is located on primrose Ave right in front
of the Mandarin Noodle Deli.


Best Regard
Virginia

## EXHIBIT A

--- On Sun, 6/12/11, Annie Lin <annierenausa@yahoo.com> wrote:

From: Annie Lin <annierenausa@yahoo.com>
Subject: Fw: New Powerpoints
To: "Simon Ma" <simonma7@yahoo.com>, virginiachu7@yahoo.com, "Christine Ko" <arenausa7@yahoo.com>
Date: Sunday, June 12, 2011, 2:34 PM


--- On Sun, 6/12/11, Annie Lin <annierenausa@yahoo.com> wrote:

From: Annie Lin <annierenausa@yahoo.com>
Subject: New Powerpoints


# EXHIBIT A

# Exhibit C

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
2     Bruce E. Van Dalsem (Bar No. 124128)
      brucevandalsem@quinnemanuel.com
3     David W. Quinto (Bar No. 106232)
      davidquinto@quinnemanuel.com
4     B. Dylan Proctor (Bar No. 219354)
      dylanproctor@quinnemanuel.com
5  865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
7  Telephone:  (213) 443-3000
   Facsimile:   (213) 443-3100
8

9  Attorneys for American Rena International
10 Corp.; WanZhu "Kathryn" Li; Robert M.
   Milliken

11

12                UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                     WESTERN DIVISION

15

16 American Rena International Corp., a          CASE NO. CV-12-06972-FMO (JEMx)
17 California corporation; WanZhu
   "Kathryn" Li, an individual; and Robert       **DECLARATION OF RYAN Q.**
18 M. Milliken, an individual,                    **KEECH REGARDING SERVICE**
                                                   **OF FIRST AMENDED**
19                                                 **COMPLAINT ON ROBERT**
                Plaintiffs,                        **SIMONE PURSUANT TO ORDER**
20                                                 **AUTHORIZING SERVICE BY**
21        vs.                                      **ALTERNATIVE MEANS (DKT. 50)**

22 Sis-Joyce International Co., Ltd., a
23 California corporation; Alice "Annie"
   Lin, an individual; Robert Simone, an
24 individual; Christine Ko, an individual;
   and DOES 3-10,
25
26              Defendants.
27

28
                                            Case No. CV-12-06972-FMO (JEMx)

## DECLARATION OF RYAN Q. KEECH

I, Ryan Q. Keech, declare as follows:

1.    I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart & Sullivan LLP, attorneys for plaintiffs American Rena International Corp., WanZhu "Kathryn" Li, and Robert M. Milliken. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    On April, 1, 2013, pursuant to the Court's Order authorizing e-mail service of defendant Robert Simone in this action, including "the Summons, Compliant, Amended Complaint, and any other papers required to be served upon Mr. Simone," Dkt. 50, I served defendant Robert Simone with the First Amended Complaint and Summons. I did so by attaching true and correct copies of these documents to an e-mail communication that was successfully transmitted to the e-mail addresses robsimonetalks@yahoo.com; renausa1@gmail.com; and submitmystuff@yahoo.com. Attached hereto as Exhibit A is a true and correct copy of this e-mail communication.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 13, 2013, at Los Angeles, California.

_____
Ryan Q. Keech

# Exhibit A

## Ryan Keech

| | |
|---|---|
| **From:** | Ryan Keech |
| **Sent:** | Monday, April 01, 2013 7:41 PM |
| **To:** | 'submitmystuff@yahoo.com'; 'renausa1@gmail.com'; 'robsimonetalks@yahoo.com' |
| **Cc:** | American Rena QE Team |
| **Subject:** | American Rena Int'l Corp., et al v. Sis-Joyce Int'l Co., Ltd., et al (Case No. CV-12-06972-FMO (JEMx) (C.D. Cal.)) |
| **Attachments:** | Dkt. 50.pdf; Dkt. 86.pdf; Dkt. 107.pdf; FAC.pdf; Civil Cover Sheet; Summons; Notice of Assignment to Magistrate Judge.pdf |

Mr. Simone:

Please see the attached documents, which are being served on you this evening pursuant to the Court's order authorizing e-mail service of all papers in this action.

Regards,

**Ryan Q. Keech**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3255 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ryankeech@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**ORIGINAL**

Name & Address:
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Bruce E. Van Dalsem (Bar No. 124128)
Daivd W. Quinto (Bar No. 106232)
B. Dylan Proctor (Bar No. 219354)
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| American Rena International Corp., a California corporation; Wanzhu"Kathryn" Li, an individual; and Robert M. Milliken, an individual,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Virgina Wu, an individual; and Does 1 - 10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12 06972 DMG** (JEMx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within 21____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ]_____ amended complaint [ ]counterclaim[ ]cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Bruce E. Van Dalsem_____ , whose address is 865 S. Figueroa Stree, 10th Fl., Los Angeles, CA 90017_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____8/13/12____

By: _____
   Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# Exhibit D

| Attorney or Party without Attorney: BRUCE E. VAN DALSEM, ESQ., Bar #124128 QUINN EMANUEL URQUHART & SULLIVAN, LLP 865 SOUTH FIGUEROA STREET 10TH FLOOR LOS ANGELES, CA 90017 Telephone No: 213-443-3000 | For Court Use Only |
|---|---|

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
United States District Court, Central District Of California

Plaintiff: AMERICAN RENA INTERNATIONAL CORP., ET AL.

Defendant: SIS-JOYCE INTERNATIONAL CO., LTD., ET AL.

| PROOF OF SERVICE SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number: CV12 06972 DMG (JEMX) |
|---|---|---|---|---|

*1.* At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; FIRST AMENDED COMPLAINT; CIVIL COVER SHEET; NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY; LETTER DATED MARCH 29, 2013

3. a. *Party served:*  CHRISTINE "NINA" KO, AN INDIVIDUAL

4. *Address where the party was served:*  773 BARNUM WAY MONTEREY PARK, CA 91754

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Apr. 05, 2013 (2) at: 12:02PM

7. *Person Who Served Papers:*  Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Kevin Appleton
   **b. FIRST LEGAL INVESTIGATIONS**
   2112 N. MAIN STREET SUITE 220
   SANTA ANA, CA 92706
   c. (714) 550-1375

   d. **The Fee for Service was:*
   e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii) Registration No.:* 4955
      *(iii) County:* Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*
   Date: Mon, Apr. 08, 2013

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

(Kevin Appleton)
340083   .bruvan.521313

**ORIGINAL**

Name & Address:
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Bruce E. Van Dalsem (Bar No. 124128)
Daivd W. Quinto (Bar No. 106232)
B. Dylan Proctor (Bar No. 219354)
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

American Rena International Corp., a California corporation; Wanzhu"Kathryn" Li, an individual; and Robert M. Milliken, an individual,

PLAINTIFF(S)

v.

Sis-Joyce International Co., Ltd., a California corporation; Alice "Annie" Lin, an individual; Virgina Wu, an individual; and Does 1 - 10,

DEFENDANT(S).

CASE NUMBER

**CV12 06972 DMG** (JEMx)

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within _21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Bruce E. Van Dalsem_____, whose address is _865 S. Figueroa Stree, 10th Fl., Los Angeles, CA 90017_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___8/13/12_____

By: _____
       Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# Exhibit E

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMERICAN RENA INTERNATIONAL CORP., et al., | ) ) ) | NO. CV 12-06972 FMO (JEMx) |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| SIS-JOYCE INTERNATIONAL CO., LTD., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

IT IS ORDERED THAT:

    1.  Plaintiffs' Unopposed Motion for Leave to File a First Amended Complaint **(Document No. 106) is granted**.

    2.  Plaintiffs shall, no later than two court days from the filing of this Order, file their First Amended Complaint in compliance with Local Rule 3-2.

    3.  Defendants shall file their Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **April 11, 2013**.

Dated this 26th day of March, 2013.

                                    /s/
                           Fernando M. Olguin
                 United States District Judge